IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | |

**JOINT MOTION OF METAVATION, LLC AND REVSTONE INDUSTRIES LLC, ET AL., FOR ORDER (A) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY AND (B) APPLYING CERTAIN ORDERS IN THE CHAPTER 11 CASES OF REVSTONE INDUSTRIES, LLC AND ITS AFFILIATED DEBTORS TO THE CHAPTER 11 CASE OF METAVATION, LLC**

Metavation, LLC ("Metavation") and Revstone Industries, LLC, on behalf of

itself and its affiliated debtors and debtors in possession (collectively, the "Original Debtors" and

together with Metavation, the "Debtors"), hereby move (the "Motion") the Court for the entry of

an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 1015-1 of the *Local Rules of Bankruptcy Practice and Procedure*

*of the United States Bankruptcy Court for the District of Delaware* ("Local Rules"), (a)

authorizing and directing the joint administration of the Debtors' related chapter 11 cases for

procedural purposes only and (b) applying certain orders entered in the chapter 11 cases of the

Original Debtors to the chapter 11 case of Metavation to facilitate joint administration of these

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

1

chapter 11 cases..  In support of this Motion, the Debtors respectfully represent and set forth as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## Background

3.      On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      Pursuant to the Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only (Docket No. 173) (the "Existing Joint Administration Order"), the chapter 11 cases of Revstone Industries, LLC, Spara, LLC, Greenwood Forgings,

2

LLC and US Tool and Engineering, LLC (the "Original Debtors") are jointly administered and are consolidated for procedural purposes.

5.      On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the case of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC Greenwood Forgings, LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the Original Debtors' chapter 11 cases.

6.      On the date hereof (the "Metavation Petition Date"), Metavation filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code.  Metavation continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in Metavation's chapter 11 case.  As of the date hereof, no creditors' committee has been appointed in the Metavation chapter 11 case.

7.      The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012, and incorporated herein by reference.  The factual background relating to the commencement of the chapter 11 case of Metavation, LLC is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed concurrently herewith and incorporated herein by reference.

8.      Metavation, LLC (the "Company") is a Michigan-based manufacturer of precision machined components and assemblies, including dampers, engine components, knuckles, and driveline products for the automotive industry. Metavation specializes in designing and manufacturing dampers that are included on original equipment manufacturers' ("OEMs") engine platforms.  The Company also has rapid development capabilities to produce "solution" dampers to correct driveline and powertrain noise vibration and harshness ("NVH") issues. The Company serves many of the largest automotive customers, suppliers, and platforms.  The Company's major OEM customers include General Motors and Chrysler.  Metavation's Tier I supplier customers include American Axle, Dana Automotive, and J.G. Kern.  These long-standing relationships have led the Company to a dominant market position in the U.S. crankshaft damper market.  Metavation operates from four, modernized facilities located in central Michigan.  The Company begins its manufacturing process by developing the rubber component at the Hillsdale, MI facility, and then sends the rubber component to Mt. Pleasant, MI or Vassar, MI facility for machining and/or assembly.

### Requested Relief

9.      By this Motion, the Debtors seek entry of an order that (i) directs the joint administration of the chapter 11 cases of Metavation and the Original Debtors and the procedural consolidation thereof and (ii) applies certain orders entered in the Original Debtors' chapter 11 cases to Metavation chapter 11 case to facilitate joint administration of these chapter 11 cases. Many of the motions, applications, affidavits, declarations, hearings and orders that will arise will affect Metavation and the Original Debtors jointly.  For that reason, the Debtors respectfully

submit that their interests, as well as the interests of their creditors and other parties in interest,

would be best served by the joint administration of these chapter 11 cases for procedural

purposes and by the application of certain orders entered in the Original Debtors' chapter 11

cases to Metavation's chapter 11 case.

**Basis for Relief**

**A.    Joint Administration of Metavation's Chapter 11 Case and the Original Debtors'
Chapter 11 Cases Is Appropriate and Will Ease Administrative Burdens.**

10.    Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending

in the same court by or against a debtor and an affiliate, "the court may order a joint

administration of the estates." Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 further provides

for joint administration of chapter 11 cases when "the joint administration of two or more cases

pending in [the] Court under title 11 is warranted and will ease the administrative burden for the

Court and the parties." Del. Bankr. L.R. 1015-1.  Debtor Revstone Industries, LLC is the parent

of Metavation.  Metavation and the Original Debtors, therefore, are "affiliates" within the

meaning of section 101(2) of the Bankruptcy Code and, accordingly, under Bankruptcy Rule

1015(b) and Local Rule 1015-1, the Court has the authority to grant the relief requested herein.

11.    Metavation and the Original Debtors submit that the joint administration

of their cases should be maintained under the case number assigned to Revstone Industries, LLC,

and also request that the Clerk of the Court maintain one file and one docket for all of the

Debtors' chapter 11 cases, under that case name and number.  In addition, Metavation and the

Original Debtors seek the Court's direction that a separate docket entry be made on the docket of

Metavation's chapter 11 case substantially as follows:

5

> "An order has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 case of
> Metavation, LLC and Revstone Industries, LLC.  The docket in the
> chapter 11 case of Revstone Industries, LLC, Case No. 12-13262
> (BLS) should be consulted for all matters affecting this case."

The Debtors further request that the caption of these chapter 11 cases be modified as follows

to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al., [1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); US Tool and Engineering, LLC (6450); and Metavation, LLC (5884).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

    12.    The DiDonato Declaration, filed contemporaneously herewith, establishes

that the joint administration of Metavation's and the Original Debtors' respective estates is

warranted and will ease the administrative burden on the Court and all parties in interest in these

chapter 11 cases.  The benefits to the joint administration of the chapter 11 cases come with no

prejudice to creditors and other parties in interest of any Debtor, as the relief requested herein is

purely procedural and would not impact the substantive rights of any party.

    13.    The joint administration of these chapter 11 cases also will permit the

Clerk of the Court to utilize a single docket for all of the cases and to combine notices to

creditors and other parties in interest in the Debtors' respective chapter 11 cases.  As there likely

6

will be numerous motions, applications, affidavits, declarations and other pleadings filed in these chapter 11 cases that will affect Metavation and each Original Debtor, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Joint administration also will permit counsel for all parties in interest to include all of the Debtors' chapter 11 cases in a single caption for the numerous documents that are likely to be filed and served in these cases, and enable parties in interest (including the Office of the United States Trustee) in each of the chapter 11 cases to stay apprised of all the various matters before the Court.

14.    Notwithstanding the utilization of a single unified administrative docket, to preserve an accurate record of claims against the Debtors, claimholders should be directed to file proofs of claim against the individual entity, whether Metavation or an Original Debtor, against whom the claim is asserted. The Debtors anticipate, therefore, that separate claims registers will be maintained for Metavation and will continue to be maintained for each Original Debtor.

**B.    Application of Certain Orders Entered in the Original Debtors' Chapter 11 Cases to Metavation's Chapter 11 Case Will Avoid Unnecessary Duplication and Expense.**

15.    By this Motion, the Debtors seek to eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on this Court and on the Debtors, their creditors, and other parties in interest. The Debtors seek to have the orders previously entered in the Original Debtors' chapter 11 cases and listed on Exhibit A attached to this Motion

and the proposed order (collectively, the "Specified Orders") applied to Metavation in its chapter 11 case to facilitate the joint administration of these chapter 11 cases.

16.     Had the Debtors filed their respective chapter 11 petitions on the same day, Metavation would have been a movant with respect to each Specified Order.  By proceeding in this manner, the Debtors hope to save considerable time and expense and reduce the burden on the Court, their creditors and other parties in interest, while at the same time providing the requisite facts and grounds for granting such relief as if Metavation and the Original Debtors were filing the same motions and other documents.  The relief set forth in each of the Specified Orders will obviate the need for duplicative notices, motions, affidavits, declarations, applications and orders to be filed in Metavation's case and will permit Metavation to experience a smooth transition into chapter 11.

17.     The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides, in relevant part:  "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Similar procedures have been authorized in other chapter 11 cases, to effectuate orders entered in the case of an originally filing debtor to subsequently filing affiliates of that debtor.  See, e.g., *In re Chi-Chi's, Inc.*, Case No. 03-13063 (CGC) (Bankr. D. Del. 2003); *In re Kaiser Aluminum Corp.*, Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); *In re Exide Technologies*, Case No. 02-11125 (KJC) (Bankr. D. Del. 2002); *In re Enron Corp.*, et al., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2002).

8

## Notice

18.     Notice of this Motion has been given to the following or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtor's prepetition and postpetition secured lenders; (iii) the Pension Benefit Guaranty Corporation; (iv) the Debtor's major OEM customers: General Motors and Chrysler; (v) Dayco Products, LLC and Dayco Products S.A. de C.V., the stalking horse purchaser for the Debtor's assets; and (vi) the Official Committee of Unsecured Creditors in the case of Revstone Industries, LLC.  As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order:

(a) authorizing the joint administration of the Debtors' cases for procedural purposes only

(b) directing the Clerk to make the docket entries set forth herein, (c) applying certain orders

entered in the Original Debtors' chapter 11 cases to Metavation chapter 11 case; and (d) granting

such other and further relief is proper.

Dated: July 22, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Colin R. Robinson (Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  302/652-4100
Facsimile:  302/652-4400
Email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com
        crobinson@pszjlaw.com

[Proposed] Counsel for Debtor and Debtor-in-Possession

10

<u>**Exhibit A**</u>

**Orders Entered in Revstone Industries, LLC Case**
**Made Applicable to Metavation Effective as of the Metavation Petition Date**

| Date | Docket No. | Order |
|------|-----------|-------|
| 2/6/13 | 173 | Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only |
| 3/20/13 | 415 | Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals |
| 5/21/13 | 592 | Order Scheduling Omnibus Hearings |
| Various | Various | Orders Granting Motion for Admission pro hac vice |

DOCS_DE:187057.3 73864/001