IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| In re: | ) | Chapter 11 |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| Debtor. | ) | (Joint Administration Requested) |

**APPLICATION PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Metavation, LLC, the above-captioned chapter 11 debtor and debtor in possession (the "Debtor" or "Metavation") hereby seeks entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtor to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtor *nunc pro tunc* to the Metavation Petition Date (defined below) (the "Application"). In support of the Application, the Debtor relies on (i) the *Statement*

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

*Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Affidavit of Laura Davis Jones in Support of the Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Jones Affidavit"), which are being submitted concurrently with the Application. In support of this Application, the Debtor respectfully states the following:

**Jurisdiction**

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, as is venue pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

3. On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have

continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Pursuant to the Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only (Docket No. 173) (the "Existing Joint Administration Order"), the chapter 11 cases of Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC (the "Original Debtors") are jointly administered and are consolidated for procedural purposes.

5. On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the case of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC Greenwood Forgings, LLC and US Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Original Debtors' chapter 11 cases.

6. On the date hereof (the "Metavation Petition Date"), Metavation filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code. Metavation continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in Metavation's chapter 11 case. As of the date hereof, no creditors' committee has been appointed in the Metavation chapter 11 case.

7. The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012, and

incorporated herein by reference. The factual background relating to the commencement of the chapter 11 case of Metavation, LLC is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed concurrently herewith and incorporated herein by reference.

8. Metavation, LLC (the "Company") is a Michigan-based manufacturer of precision machined components and assemblies, including dampers, engine components, knuckles, and driveline products for the automotive industry. Metavation specializes in designing and manufacturing dampers that are included on original equipment manufacturers' ("OEMs") engine platforms. The Company also has rapid development capabilities to produce "solution" dampers to correct driveline and powertrain noise vibration and harshness ("NVH") issues. The Company serves many of the largest automotive customers, suppliers, and platforms. The Company's major OEM customers include General Motors and Chrysler. Metavation's Tier I supplier customers include American Axle, Dana Automotive, and J.G. Kern. These long-standing relationships have led the Company to a dominant market position in the U.S. crankshaft damper market. Metavation operates from four, modernized facilities located in central Michigan. The Company begins its manufacturing process by developing the rubber component at the Hillsdale, MI facility, and then sends the rubber component to the Mt. Pleasant, MI or Vassar, MI facility for machining and/or assembly.

9. On March 20, 2013, the Court entered its *Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP*

*as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to January 17, 2013* approving the retention of PSZ&J by the Original Debtors [Docket No. 417].

**Relief Requested**

10. By this Application, the Debtor seeks to employ and retain PSZ&J as its restructuring counsel with regard to the filing and prosecution of this chapter 11 case and all related proceedings. Accordingly, the Debtor respectfully requests that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing it to employ and retain PSZ&J as their bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases pursuant to the terms set forth in the Application and the Jones Affidavit *nunc pro tunc* to the Metavation Petition Date.

11. The Debtor seeks to retain PSZ&J as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Through its representation of the Original Debtors, In preparing for its representation of the Debtor in this case, PSZ&J has become familiar with the Debtor's affairs and many of the potential legal issues which may arise in the context of this chapter 11 case.

12. The professional services that PSZ&J will provide include, but shall not be limited to:

a. providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of the businesses and management of its property;

b. preparing on behalf of the Debtor any necessary applications, motions, answers, orders, reports, and other legal papers;

c. appearing in Court on behalf of the Debtor;

d. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

e. performing other legal services for the Debtor that may be necessary and proper in these proceedings.

13. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The principal attorneys and paralegals presently designated to represent the Debtor and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Laura Davis Jones | $975.00 |
| b. | Alan J. Kornfeld | $895.00 |
| c. | David M. Bertenthal | $825.00 |
| d. | Timothy P. Cairns | $575.00 |
| e. | Colin R. Robinson | $575.00 |
| f. | Peter J. Keane | $425.00 |
| g. | Monica Molitor | $295.00 |

14. Other attorneys and paralegals may serve the Debtor in connection with the matters described herein from time to time.

15. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates

listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

16. To the best of the Debtor's knowledge, except as otherwise disclosed in the Jones Affidavit submitted concurrently herewith, PSZ&J has not represented the Debtor, its creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or the estate. As disclosed above, PSZ&J currently represents the following affiliates of Metavation: Revstone Industries, LLC; Spara, LLC; Greenwood Forgings, LLC; and US Tool & Engineering, LLC (as defined above, the Original Debtors). In support of its retention by the Original Debtors, PSZ&J has filed an original affidavit [Docket No. 197] and a first supplement affidavit [Docket No. 668] disclosing its connections to the Original Debtors and their creditors.

17. To the best of the Debtor's knowledge, PSZ&J does not hold or represent any interest adverse to the Debtor's estate, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtor and the estate.

18. PSZ&J has received payments from the Debtor prior to the Petition Date in the amount of $250,000.00 in connection with its prepetition representation of the Debtor. PSZ&J has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

19. The Debtor understands that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the effective date of its retention.

20. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Affidavit, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

**Notice**

21. Notice of this Motion has been given to the following or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtor's prepetition and postpetition secured lenders; (iii) the Pension Benefit Guaranty Corporation; (iv) the Debtor's major OEM customers: General Motors and Chrysler; (v) Dayco Products, LLC and Dayco Products S.A. de C.V., the stalking horse purchaser for the Debtor's assets; and (vi) the Official Committee of Unsecured Creditors in the case of Revstone Industries, LLC. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty largest unsecured claims against the Debtor, or their legal counsel (if known), (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and (c) any other persons as required by Del. Bankr. LR 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

22. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the Application to employ and retain PSZ&J in all respects, and grant such other and further relief it deems just and proper.

Dated: July 22, 2013

METAVATION, LLC

By: John C. DiDonato
Title: Chief Restructuring Officer