IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**MOTION OF METAVATION, LLC PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN, EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTOR IN THE ORDINARY COURSE OF BUSINESS**

Metavation, LLC, a debtor and debtor in possession herein (the "Debtor"), moves the Court for entry of an order authorizing the Debtor to employ and compensate certain professionals utilized in the ordinary course of the Debtor's businesses (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

3. On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Pursuant to the Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only (Docket No. 173) (the "Existing Joint Administration Order"), the chapter 11 cases of Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC (the "Original Debtors") are jointly administered and are consolidated for procedural purposes.

5. On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the case of Revstone Industries, LLC.

No committee has been appointed in the cases of Spara, LLC Greenwood Forgings, LLC and US Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Original Debtors' chapter 11 cases.

6. On the date hereof (the "Metavation Petition Date"), Metavation filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code. Metavation continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in Metavation's chapter 11 case. As of the date hereof, no creditors' committee has been appointed in the Metavation chapter 11 case.

7. The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012, and incorporated herein by reference. The factual background relating to the commencement of the chapter 11 case of Metavation, LLC is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed concurrently herewith and incorporated herein by reference.

8. Metavation, LLC (the "Company") is a Michigan-based manufacturer of precision machined components and assemblies, including dampers, engine components, knuckles, and driveline products for the automotive industry. Metavation specializes in designing and manufacturing dampers that are included on original equipment manufacturers' ("OEMs") engine platforms. The Company also has rapid development capabilities to produce "solution"

3

dampers to correct driveline and powertrain noise vibration and harshness ("NVH") issues. The Company serves many of the largest automotive customers, suppliers, and platforms. The Company's major OEM customers include General Motors and Chrysler. Metavation's Tier I supplier customers include American Axle, Dana Automotive, and J.G. Kern. These long-standing relationships have led the Company to a dominant market position in the U.S. crankshaft damper market. Metavation operates from four, modernized facilities located in central Michigan. The Company begins its manufacturing process by developing the rubber component at the Hillsdale, MI facility, and then sends the rubber component to Mt. Pleasant, MI or Vassar, MI facility for machining and/or assembly.

### The Debtor's Ordinary Course Professionals

9. The Debtor customarily retains the services of various attorneys, accountants and other professionals to represent them in matters arising in the ordinary course of their businesses, unrelated to this Chapter 11 Case (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtor is attached as Exhibit A hereto.[2]

10. In contrast, the Debtor has filed or will file individual retention applications for any professionals that the Debtor seeks to employ in connection with the conduct of this Chapter 11 Case (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved

---

[2] As discussed more fully below, the Debtor reserves the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.

by this Court, and with the terms of the orders approving each Chapter 11 Professional's employment.

11. The Ordinary Course Professionals will not be involved in the administration of this Chapter 11 Case. Rather, they will provide services in connection with the Debtor's ongoing business operations or services ordinarily provided by in-house counsel to a corporation. As a result, the Debtor does not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court.[3] Nevertheless, out of an abundance of caution, the Debtor seeks an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of this Chapter 11 Case.

12. The Debtor anticipates employing, among others, certain of the Ordinary Course Professionals listed on Exhibit A to perform ongoing services during the pendency of this Chapter 11 Case. In particular, attorneys performing litigation-related services for the Debtor are among the Ordinary Course Professionals listed on Exhibit A. Although litigation will be stayed upon the commencement of the Chapter 11 Case, the Debtor, out of an abundance of caution, seeks authority to retain certain of the Ordinary Course Professionals that provide litigation support (as well as other professionals) should circumstances render continued litigation support necessary during the pendency of this Chapter 11 Case.

---

[3] *See, e.g., In re That's Entertainment Mkt'g Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

Case 13-11831-BLS    Doc 10    Filed 07/22/13    Page 6 of 14

**Relief Requested**

13.     By the Motion, pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, the Debtor seeks entry of an order by this Court authorizing them to (a) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (b) establish procedures to compensate the Ordinary Course Professionals under sections 328, 330 and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

**Basis for Relief**

14.     The Debtor cannot continue to operate their business as debtor in possession unless it retains and pays for the services of the Ordinary Course Professionals listed on Exhibit A. The work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtor's estate, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value.

15.     The operation of the Debtor's business would be severely hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtor while the Debtor (i) submitted to this Court an application, affidavit and proposed retention order for each Ordinary Course Professional; (ii) waited until such order was approved before such Ordinary Course Professional continued to render services; and (iii) withheld payment of the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.

DOCS_DE:187581.2 00001/001

16.   Further, a number of Ordinary Course Professionals are unfamiliar with the fee application procedures employed in bankruptcy cases. Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtor if these requirements are imposed, forcing the Debtor to incur additional and unnecessary expenses to retain other professionals without such background and expertise and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtor's continuing operations and their ultimate ability to reorganize. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant, and such costs would be borne by the Debtor's estate.

17.   Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of these cases without any corresponding benefit to the Debtor's estates. This Motion proposes a procedure to alleviate such a burden.

18.   Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtor in respect of prepetition services rendered, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its estate, its creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy

Code. By this Motion, the Debtor is not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

### Proposed Retention Procedure

19.     The Debtor proposes that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Bankruptcy Rule 2014 and in order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon (i) the Debtor, Metavation, LLC, 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505, Attn: Daniel V. Smith, Esq.; (ii) Huron Consulting Services LLC, 550 W. Van Buren Street, Chicago, IL 60607, Attn: John C. DiDonato; (iii) attorney to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq.; (iv) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; and (v) counsel to any Committee (collectively, the "Notice Parties"), a disclosure affidavit of such proposed professional (the "Affidavit," a form of which is attached as Exhibit B hereto) on the later of: (i) twenty-eight (28) days after entry of an order of this Court granting the Motion; or (ii) the date an Ordinary Course Professional provides any services to the Debtor. Such Affidavit shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to

Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services prior to the filing of the chapter 11 cases, the date on which such services began postpetition. The Debtor will not make any payments to any Ordinary Course Professionals who have failed to file such an Affidavit.

20. The Debtor further requests that the Notice Parties will have fourteen (14) days from the date of the filing and service of the Affidavit (the "Objection Period") to object to the retention of the Ordinary Course Professional in question. Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional, the Debtor, and the Notice Parties. If an objection is filed and cannot be resolved and/or withdrawn within twenty one (21) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtor at a mutually convenient time.[4] If no timely objection is filed and received, or if an objection is withdrawn, the Debtor will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

21. The Debtor requests that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on Exhibit A hereto, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to Exhibit A (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtor proposes that, as with the Ordinary Course Professionals set forth on Exhibit A, each additional

---

[4] If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtor from the Petition Date through the date of an order denying such retention.

Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties an Affidavit on the later of (a) twenty-one (21) days after the Supplemental Notice is filed or (b) the date such Ordinary Course Professional provides any services to the Debtor. The Notice Parties then would be given fourteen (14) days after service of each required Affidavit to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or the objection is withdrawn, the Debtor will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

### **Proposed Payment Procedure**

22.     The Debtor seeks authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtor of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; provided, however, that such interim fees and expenses do not exceed the maximum authority under the authorized caps established herein. Further, the Debtor will not pay any fees and expenses to an Ordinary Course Professional unless (i) the professional has filed its Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending. If a timely objection is received, no payment will be made until (a) such objection is resolved or (b) the requested payment of fees and expenses is otherwise approved by the Court.

A.  **Monthly Payment Caps Proposed By The Debtor.**

23.  The Debtor proposes that they be permitted to pay, without formal application to this Court by any one Ordinary Course Professional, fees and expenses not exceeding a total of $25,000 for any one calendar month to any Ordinary Course Professional, unless otherwise authorized by this Court. The Debtor also proposes that aggregate monthly payments to Ordinary Course Professionals be limited to $100,000 unless otherwise authorized by this Court.

24.  If in any given month the fees and expenses for any one Ordinary Course Professional exceeds $25,000, such Ordinary Course Professional shall be required to apply for approval by the Court of all such Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $25,000 as a credit against the invoices for such month ultimately allowed by the Court.

25.  The Debtor proposes to except from such monthly limitations any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtor's behalf. In other words, the limitations would apply only to direct disbursements by the Debtor.

B.  **The Debtor Proposes To File Periodic Statements Of Payments Made.**

26.  The Debtor further proposes to file a payment summary statement with this Court not more than thirty (30) days after the last day of March, June, September and December of each year this Chapter 11 Case is pending, or such other period as this Court

11

directs, and to serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

### Authority for the Requested Relief

27. Numerous courts, including courts in this district, have routinely granted the same or similar relief to chapter 11 debtors in other chapter 11 cases. *See, e.g., In re AFA Investment Inc., et al.*; Case No. 12-11127 (MFW) (Bankr. D. Del. April 20, 2012); *In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Oct. 4, 2011); *In re Nebraska Book Company, Inc.*, Case No. 11-12005 (PJW) (Bankr. D. Del. July 21, 2011); *In re Latham International, Inc.*, Case No 09-14490 (CSS) (Bankr. D. Del. Jan. 21, 2010); *In re Progressive Molded Products, Inc.*, Case No 08-11253 (KJC) (Bankr. D. Del. June 20, 2008); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Feb. 19, 2008); *In re Charys Holding Co. Inc.*, Case No. 08-10289 (BLS) (Bankr. D. Del. Feb. 14, 2008); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (Bankr. D. Del. Nov. 19, 2007) (CSS); *In re Remy Worldwide Holdings, Inc.*, Case No. 07-11481 (Bankr. D. Del. October 8, 2007) (KJC); and *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (Bankr. D. Del. February 5, 2007).

28. The Debtor and the estate will be well served by authorizing the retention of the Ordinary Course Professionals because of such professionals' past relationship with, and understanding of, the Debtor and the Debtor's operations. It is in the best interest of all of the

parties and the creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtor's businesses.

### Notice

29. Notice of this Motion has been given to the following or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtor's prepetition and postpetition secured lenders; (iii) the Pension Benefit Guaranty Corporation; (iv) the Debtor's major OEM customers: General Motors and Chrysler; (v) Dayco Products, LLC and Dayco Products S.A. de C.V., the stalking horse purchaser for the Debtor's assets; and (vi) the Official Committee of Unsecured Creditors in the case of Revstone Industries, LLC. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty largest unsecured claims against the Debtor, or their legal counsel (if known), (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and (c) any other persons as required by Del. Bankr. LR 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

30. No prior request for the relief sought in this Motion has been made to this Court or any other court.

DOCS_DE:187581.2 00001/001

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: July 22, 2013

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Colin R. Robinson (Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302/652-4100
Facsimile: 302/652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       tcairns@pszjlaw.com
       crobinson@pszjlaw.com

[Proposed] Counsel for Debtor and Debtor-in-Possession