IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-__11831__ (BLS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**APPLICATION OF METAVATION, LLC FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS PLC
AS SPECIAL COUNSEL**

Metavation, LLC, a debtor and debtor in possession herein (the "Debtor" or "Metavation") respectfully submits this application (the "Application"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order authorizing the Debtor to retain and employ McDonald Hopkins PLC ("MH") as special counsel in this chapter 11 case. In support of the Application, the Debtor relies upon and incorporates by reference the declaration of Stephen M. Gross (the "Declaration") a copy of which is attached hereto. In further support of the Application, the Debtor respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

{4401585:3}

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(e) and 328 of the Bankruptcy Code. Such relief is warranted pursuant to Rule 2014-1 of the Local Rules.

## Background

3. On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Pursuant to the Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only (Docket No. 173) (the "Existing Joint Administration Order"), the chapter 11 cases of Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC (the "Original Debtors") are jointly administered and are consolidated for procedural purposes.

5. On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the case of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC Greenwood Forgings, LLC and US

{4401585:3}

Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Original Debtors' chapter 11 cases.

6. On the date hereof (the "Metavation Petition Date"), Metavation filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code. Metavation continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in Metavation's chapter 11 case. As of the date hereof, no creditors' committee has been appointed in the Metavation chapter 11 case.

7. The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012, and incorporated herein by reference. The factual background relating to the commencement of the chapter 11 case of Metavation, LLC is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed concurrently herewith and incorporated herein by reference.

8. Metavation, LLC (the "Company") is a Michigan-based manufacturer of precision machined components and assemblies, including dampers, engine components, knuckles, and driveline products for the automotive industry. Metavation specializes in designing and manufacturing dampers that are included on original equipment manufacturers' ("OEMs") engine platforms. The Company also has rapid development capabilities to produce "solution" dampers to correct driveline and powertrain noise vibration and harshness ("NVH") issues. The Company serves many of the largest automotive customers, suppliers, and platforms. The Company's major OEM customers include General Motors and Chrysler. These long-standing

{4401585:3}

relationships have led the Company to a dominant market position in the U.S. crankshaft damper market. Metavation operates from four, modernized facilities located in central Michigan. The Company begins its manufacturing process by developing the rubber component at the Hillsdale, MI facility, and then sends the rubber component to the Mt. Pleasant, MI or Vassar, MI facility for machining and/or assembly.

### Relief Requested

9. By this Application, the Debtor seeks entry of an order authorizing the employment of MH as its special counsel effective as of the Metavation Petition Date. The Debtor requests that MH be retained to perform the services described in this Application and on the terms set forth in herein and in the engagement letter between the Debtor and MH, dated February 21, 2013 (the "Engagement Letter"), a copy of which is attached hereto as Exhibit B.

### Basis for Relief

10. Section 327(e) of the Bankruptcy Code authorizes a debtor, with the Court's approval, to retain

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

11. Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who represented a debtor prior to the Petition Date, provided: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the case; (c) the retention is in the best interests of the estate; and (d) the attorney does not hold any interest adverse to the

{4401585:3}

debtor with respect to the subject of its retention. MH's retention as the Debtor's special counsel falls within the scope of section 327(e) of the Bankruptcy Code.

### MH's Qualifications

12.  The Debtor believes that the attorneys at MH are well qualified to act as special counsel on behalf of the Debtor in this case. During the five (5) months prior to the Metavation Petition Date, MH provided legal services to the Debtor. MH has performed substantial legal work for the Debtor and was retained solely to represent the Debtor in negotiating with its customers to enable it to retain its work and, if necessary, to obtain funding and other accommodations from its customers to enable the Debtor to meet the existing and potentially increasing production volumes being requested by its customers. The Debtor expects that MH, in its role as special counsel, will continue to provide services to the Debtor with regard to matters that were customarily handled by MH prior to the Metavation Petition Date.

13.  In light of MH's historical relationship with the Debtor and the extensive work it has performed for the Debtor, the Debtor believes that MH's retention is in the best interests of its estate and creditors. Prior to the Metavation Petition Date, the Debtor selected MH because its attorneys have extensive experience and knowledge respecting automotive supply chain issues, transactions and litigation, as well as automotive supplier bankruptcy and restructuring matters, as well as general business, mergers and acquisitions, labor, employee benefits, and litigation expertise, among other fields of expertise. MH enjoys a familiarity with the Debtor, which to obtain today from new counsel would result in the additional and unnecessary expenditure of both time and money. MH is uniquely qualified to handle the representation in a most efficient and timely manner. As such, MH should be retained as the Debtor's special counsel.

{4401585:3}

### Services to Be Provided by MH

14. MH's proposed retention pursuant to section 327(e) of the Bankruptcy Code is for the limited purpose of representing the Debtor as special counsel. Subject to approval by the Bankruptcy Court, the services that the Debtor proposes that MH render and MH has agreed to provide include advising the Debtor in connection with the following: (a) customer sale support and accommodations; (b) assistance with customer participation in debtor-in-possession funding; and (c) performing the range of services normally associated with matters such as this as the Debtor's special counsel which MH is in a position to provide in connection with the matter referred to above.

15. MH's proposed retention is for the discrete matters referenced above, and MH will not be rendering services typically performed by a debtor's bankruptcy counsel. Among other things, MH ordinarily will not be involved in interfacing with this Court or be primarily responsible for the Debtor's general restructuring efforts. By delineating MH's role, the Debtors have ensured there will be no duplication of services.

### Compensation and Fee Applications

16. As required by Bankruptcy Code section 329 and Bankruptcy Rule 2016, the Declaration discloses that, in the one year period preceding the Metavation Petition Date, MH received payments from the Debtors totaling $644,893.50 (the "Prepetition Payments") with respect to services rendered to the Debtor. According to the Declaration, as of July 18, 2013, MH submits that it has earned fees and incurred reimbursable expenses on account of its services to Debtor in the aggregate amount of $618,409 (the "Prepetition Compensation"). Accordingly, as of the Metavation Petition Date, MH has advised the Debtors that as of July 18, 2013 it is

{4401585:3}

owed no money on account of services rendered. The Prepetition Payments were paid by, and the sources of such funds was, the Debtor.

17. MH intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the guidelines promulgated by the United States Trustee, and pursuant to any additional procedures that may be established by the Court in this case. MH's fees for professional services are based upon its hourly rates, which are periodically adjusted. The hourly rates range from $315 - $690 for Members, $330 - $650 for Of-Counsel, $200 - $380 for Associates, $155 - $255 for Paralegals and $40 - $125 for Law Clerks.

18. MH will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in this case. Subject to application for and allowance by the Court, MH will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtor.

19. All compensation and expenses will be sought in accordance with section 328(a) of the Bankruptcy Code, as incorporated in sections 329 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court.

20. The Debtor believes that the compensation arrangements with MH are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

{4401585:3}

**Disinterestedness and Disclosure of Connections**

21.  To check and clear potential conflicts of interest in this case, MH researched its client database for the past two years to determine whether it had any relationships with the following entities, limited to potential conflicts in its engagement as special counsel (collectively, the "Interested Parties"):

    (a)  the Debtor;

    (b)  the Debtor's pre-petition and post-petition secured lenders;

    (c)  known customers of the Debtor; and

    (d)  certain major suppliers to Debtor;

To the extent that MH's research of its relationships with the Interested Parties indicates that MH has represented in the past two years, or currently represents, any of these entities in matters unrelated to this chapter 11 case, the identities of these entities and, for current clients, a brief description of the type of work performed by MH for these clients are set forth in Schedule 1 to the Declaration.

22.  In reliance on the Declaration, the Debtor believes that (a) MH has no connection with the Debtor, its creditors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, or any other party with an actual or potential interest in this chapter 11 case or its respective attorneys or accountants, except as set forth in the Declaration; (b) MH is not and has not been an investment banker for any outstanding securities of the Debtor and MH is not a creditor of the Debtor; and (c) MH neither holds nor represents any interest adverse to the Debtor or to its estate. Accordingly, the Debtor believe that MH's representation of the Debtor is permissible under section 327(e) of the Bankruptcy Code and is in the best interest of the Debtor's estate.

{4401585:3}

23.  Where, as here, there is no conflict concerning the subject matter of the proposed special engagement, an application to employ special corporate counsel should be granted. As recognized in In re Carla Leather, Inc., 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985), "[section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement" (citations omitted).

24.  Finally, the Debtor notes that MH will have no involvement with respect to actually conducting the Debtor's chapter 11 bankruptcy case. The Debtor has filed an application to retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as general bankruptcy counsel to the Debtor. The Debtor is specifically retaining PSZ&J, subject to court approval, to conduct its chapter 11 case. Although PSZ&J and MH may coordinate on matters that generally concern the Debtor, MH will not conduct the Debtor's bankruptcy case.

### Notice

25.  Notice of this Motion has been given to the following or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtor's prepetition and postpetition secured lenders; (iii) the Pension Benefit Guaranty Corporation; (iv) the Debtor's major OEM customers: General Motors, Chrysler, and Ford; (v) Dayco Products, LLC and Dayco Products S.A. de C.V., the stalking horse purchaser for the Debtor's assets; and (vi) the Official Committee of Unsecured Creditors in the case of Revstone Industries, LLC. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty largest unsecured claims against the Debtor, or their legal counsel (if known), (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and (c) any other persons as required by Del. Bankr. LR 9013-1(m). The

{4401585:3}

Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

26.  No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto (a) granting the relief requested herein and (b) granting such other and further relief to the Debtor as the Court may deem proper.

Dated: July 18, 2013

Metavation, LLC

By: John C. DiDonato
Title: Chief Restructuring Officer