IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested |

Objection Deadline: -----------, 2013 @ 4:00 p,m. (Eastern Time)
Hearing Date: -------------- , 2013 @ ----- p.m. (Eastern Time)

**METAVATION, LLC AND REVSTONE INDUSTRIES, LLC MOTION PURSUANT TO BANKRUPTCY RULE 9018 TO FILE UNDER SEAL MOTION OF METAVATION, LLC AND REVSTONE INDUSTRIES, LLC PURSUANT TO 11 U.S.C. §§ 105, 362 & 363 AND BANKRUPTCY RULES 4001 AND 9019 FOR ENTRY OF INTERIM AND FINAL ORDERS (A) APPROVING AUTOMOTIVE SALE TRANSACTIONS SUPPORT AGREEMENT, (B) MODIFYING THE AUTOMATIC STAY, AND (C) SCHEDULING A FINAL HEARING**

Metavation, LLC ("Metavation")[2], a debtor and debtor in possession herein, and Revstone Industries, LLC ("Revstone"), one of the above-captioned debtors and debtors in possession, hereby submit this motion (the "Motion") for entry of an order pursuant to Bankruptcy Rule 9018 authorizing Metavation and Revstone to file under seal the *Motion of Metavation, LLC and Revstone Industries, LLC Pursuant to Sections 105, 362 & 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019 for Entry of Interim and Final Orders*

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Metavation filed its chapter 11 bankruptcy case contemporaneously with the filing of this Motion on July 22, 2013 (the "Metavation Petition Date"). A motion seeking joint administration of the Metavation Chapter 11 case with those of the above captioned Debtors was filed on the Metavation Petition Date as part of Metavation's first day motions.

*(A) Approving Automotive Sale Transactions Support Agreement, (B) Modifying the Automatic Stay, and (C) Scheduling a Final Hearing* (the "Approval Motion"). In support of this Motion, Metavation and Revstone respectfully state as follows:

## Background

1. On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool & Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Original Debtors (as defined below) have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to the Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only (Docket No. 173) (the "Existing Joint Administration Order"), the chapter 11 cases of Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC (the "Original Debtors") are jointly administered and are consolidated for procedural purposes.

3. On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the case of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC Greenwood Forgings, LLC and US Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Original Debtors' chapter 11 cases.

4. On the Metavation Petition Date, Metavation filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code. Metavation continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in Metavation's chapter 11 case. As of the date hereof, no creditors' committee has been appointed in the Metavation chapter 11 case.

5. The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012, and incorporated herein by reference. The factual background relating to the commencement of the chapter 11 case of Metavation is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed concurrently herewith and incorporated herein by reference.

6. Metavation (the "Company") is a Michigan-based manufacturer of precision machined components and assemblies, including dampers, engine components, knuckles, and driveline products for the automotive industry. Metavation specializes in designing and manufacturing dampers that are included on original equipment manufacturers' ("OEMs") engine platforms. The Company also has rapid development capabilities to produce "solution" dampers to correct driveline and powertrain noise vibration and harshness ("NVH") issues. The Company serves many of the largest automotive customers, suppliers, and platforms. The Company's major OEM customers include General Motors and Chrysler (collectively, the "Customers"). Metavation's Tier I supplier customers include American Axle, Dana

Automotive, and J.G. Kern. These long-standing relationships have led the Company to a dominant market position in the U.S. crankshaft damper market. Metavation operates from four, modernized facilities located in central Michigan. The Company begins its manufacturing process by developing the rubber component at the Hillsdale, MI facility, and then sends the rubber component to either its Mt. Pleasant, MI or Vassar, MI facility for machining and/or assembly.

7. Prior to and since the Original Debtors' petition date, the Supporting Customers and other customers have expressed their concerned about the Companies' viability for reasons including, but not limited to, allegations of improper conduct, and inefficient operating and financial control by prior management of the Companies, that the Supporting Customers contend adversely impacted the Companies' performance. In light of these concerns, and because the Supporting Customers recognize the benefits of having the Companies continue operating as a going concern, and encouraged a change in control of Revstone Transportation, Metavation, Contech (and its subsidiary, Contech Real Estate Holdings, LLC "Contech Real Estate"), Eptec, CLS and Aarkel (collectively, the "Revstone Group"). The Revstone Group has been in the process of marketing these assets in an effort to preserve going concern value and maximize recovery to all constituents.

8. In addition to the marketing and sale efforts, the Revstone Group has been involved in arms length negotiations with the Customers regarding certain needed financial accommodations that will permit the Revstone Group to continue operating while pursuing going concern sales, and to maximize the return resulting from such sales. The proposed Automotive Sale Transactions Support Agreement (the "Support Agreement," a copy of which is attached to

the Approval Motion as Exhibit A) is the product of those multi-party discussions. This Court's approval of the Support Agreement in each of Revstone and Metavation's chapter 11 cases is a necessary condition to its full effectiveness.

9. The Support Agreement contains confidential and proprietary information and by its terms, except for disclosure to the Office of the United States Trustee and the Committee, and any committee appointed in the Metavation chapter 11 case, is required to remain confidential and be filed under seal. The Approval Motion contains a summary of the terms and conditions of the Support Agreement. Accordingly, Metavation and Revstone seek to file the Approval Motion and the Support Agreement attached thereto under seal.

### Jurisdiction

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

### Relief Requested

11. By this Motion, Metavation and Revstone seek the entry of an order authorizing Metavation and Revstone, respectively to file the Approval Motion and Support Agreement, under seal.

### Basis for Relief

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities and individuals from the revelation of

confidential information, such as the Approval Motin and Support Agreement. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).[3] Bankruptcy Rule 9018 makes clear that relief under section 107(b) of the Bankruptcy Code can be entered "with or without notice." Fed. R. Bankr. P. 9018.

13. Commercial information that falls within the protections of section 107(b) includes any information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007) (citing *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

14. The confidential and proprietary information set forth in the Support Agreement (and summarized in the Approval Motion) contains non-public information regarding the Revstone Group, the Customers and the proposed sale of various non-debtor affiliates of Revstone and Metavation. The details of the proposed sales (including, but not limited to, timing and pricing details) together with the Customers' support of those same sales contains information that if it were to become publicly available, could be used by competitors and/or litigants to gain access to crucial and proprietary information regarding Metavation, Revstone

---

[3] The Congressional intent of section 107(b) was to require the bankruptcy court on request of a party in interest to seal trade secrets, confidential research, development or commercial information. *See* Senate Report No. 989 § 107.01, 107-2. (section 107(b) "requires the court, on the request of a party in interest, to protect trade secrets, confidential research, development, or commercial information").

and the Customers' operations. This information could also be used by prospective purchasers of the non-debtor affiliates to negotiate lower purchase prices and/or more favorable terms than would otherwise be realized. In such a situation, the estates of Revstone and Metavation could be irreparably harmed. Accordingly, Metavation and Revstone submit that the information contained in the Support Agreement (and summarized in the Approval Motion) contains "commercial information" or "trade secrets" and should be subject to the protections of section 107(b) of the Bankruptcy Code. *See In re Orion Pictures Corp.*, 21 F.3d at 27 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (courts also may deny access to judicial documents when open inspection may be used as a vehicle for an improper purpose.).

15. Cause exists for the Court to grant the Motion in that there would be substantial harm to the estates of Metavation and Revstone if the Support Agreement was made available to the public. Metavation and Revstone propose, however, to provide, on a confidential basis, the Approval Motion and Support Agreement to the Office of the United States Trustee and the Committee, and any committee appointed in the Metavation chapter 11 case. Under the plain language of section 107(b) of the Bankruptcy Code, therefore, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the requested relief should be granted.

## Notice

16. Notice of this Motion has been given to the following or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) Metavation's prepetition and postpetition secured lenders; (iii) the Pension Benefit Guaranty Corporation; (iv) the OEM

customers: General Motors and Chrysler; (v) Dayco Products, LLC and Dayco Products S.A. de C.V., the stalking horse purchaser for Metavation's assets; and (vi) the Official Committee of Unsecured Creditors in the case of Revstone Industries, LLC.and (vi) those parties that have requested service under Bankruptcy Rule 2002 in the case of Revstone Industries, LLC.

## No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Metavation and Revstone respectfully request that the Court enter an order, substantially in the form as the proposed order filed herewith, (i) authorizing Metavation and Revstone to file the Approval Motion and Support Agreement under seal, and (ii) granting further relief as is just and proper.

Dated: July 22, 2013

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com
crobinson@pszjlaw.com

Counsel to Revstone Industries, LLC and Proposed Counsel to Metavation, LLC, Debtors and Debtors in Possession