IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related to Docket No. 794** |
| In re: | ) | Chapter 11 |
| | ) | 13-11831 |
| METAVATION, LLC, | ) | Case No. ~~13-11381~~ (BLS) |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | **Related to Docket No. 19** |

**INTERIM ORDER PURSUANT TO SECTIONS 105, 362 & 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING (A) APPROVING AUTOMOTIVE SALE TRANSACTIONS SUPPORT AGREEMENT, (B) MODIFYING THE AUTOMATIC STAY, AND (C) SCHEDULING A FINAL HEARING**

Upon the motion dated July 23, 2013 (the "Motion") of (i) Metavation, LLC, a debtor and debtor-in-possession ("Metavation" or "Debtor"), for an interim order and (ii) Metavation and Revstone Industries, LLC ("Revstone," or together with Metavation, the "Debtors") for a final order pursuant to sections 105, 362 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the *Automotive Sale Transactions Support Agreement* (the "Support Agreement"), modifying the automatic stay and scheduling a Final Hearing; and this Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

DOCS_SF:83078.9 73864/001

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and an interim hearing having been held by this Court on July 24, 2013 to consider the relief requested in the Motion (the "Interim Hearing"); and upon the record of the Interim Hearing, and all the proceedings had before this Court; and any objections to the Motion having been withdrawn or overruled; and this Court having found and determined that the relief sought in the Motion and its legal and factual bases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

(1) Simultaneous with filing the Motion, Metavation is also seeking entry of an Order (A) Authorizing Debtor to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtor to Enter into Agreements With Wells Fargo Capital Finance, LLC, as Agent; and (D) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (the "DIP Financing Order"). The DIP Financing Order is dependent and conditioned on various credit enhancements provided by the Supporting Customers in the Support Agreement. Further, under the Support Agreement, the Supporting Customers may purchase a participation interest in advances made under the DIP Financing Order, and such participation is critical to Metavation having adequate funding to fund its budgeted operating expenses. It is an event of default under the Credit Agreement if the Order approving the Support Agreement on an interim basis is not entered on or before seven days after the hearing to approve the interim DIP Financing Order. Absent the additional

2

funding that may be provided by the Supporting Customers, Metavation's proposed financing would be inadequate to fund all of its budgeted operating expenses and Metavation would suffer irreparable and immediate harm.

(2) Moreover, the Supporting Customers are providing additional substantial and material support in connection with contemplated sale transactions. The Supporting Customers' support of the sale transactions preserve and enhance the value of the Debtor's assets and Revstone's interest in various subsidiaries. In exchange for these accommodations and support, the Debtors have agreed to provide Supporting Customers certain assurances regarding continuation of production, including, without limitation, continuation and expansion of certain pre-petition rights to either purchase or to use the Debtor's and non-Debtor's assets to manufacture the Supporting Customers component parts after the occurrence of certain specified defaults (as more fully set forth in certain pre-petition agreements (including without limitation, the Agreement to Limit Setoffs and Grant Access Security among Chrysler, Contech Castings, LLC and certain other customers) and in the Omnibus Access and Security Agreement (collectively, the "Access Agreement") incorporated into and made a part of the Support Agreement).

(3) Good business reasons exist to approve the Support Agreement (and thereby, the Access Agreement) in that: (a) the Supporting Customers' provision of critical funding is contingent upon the Court's approval of the Support Agreement; (b) without additional financing, the Debtors would be unable to continue producing Component Parts and such failure is likely to cause an immediate and substantial decline in value and give rise to substantial claims; (c) the sale support provided by the Supporting Customers will assist the Debtor in defraying significant claims against the Debtors; and (d) The Debtors will be afforded an ability to maximize the value of their assets by selling such assets as a going concern.

DOCS_SF:83078.9 73864/001

(4)     Metavation and the Supporting Customers have exchanged fair consideration for the rights each obtained in this Order and each acted in good faith in its negotiations over the terms of the Support Agreement.

(5)     The terms and conditions of the Support Agreement and this Order are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with its fiduciary duties, are supported by reasonably equivalent value and fair consideration, were negotiated by the parties at arms' length and entered into by the parties in good faith, and are the best available to the Debtors under the present market conditions and financial circumstances of the Debtors. The relief requested in the Motion, in connection with the approval of the Support Agreement, is necessary, essential and appropriate, and is in the best interest of and will benefit the Debtors, their creditors and their estates, as its implementation will, among other things, provide the Debtor with the necessary liquidity to (a) minimize disruption to Metavation's business and on-going operations, (b) preserve and maximize the value of Metavation and Revstone's estate for the benefit of their creditors, and (c) avoid immediate and irreparable harm to the Debtors and their creditors, businesses, employees, and assets.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1.  The Motion is granted on an interim basis as to Metavation.

2.  The Support Agreement filed under seal at Docket No. _19_ (including, without limitation, the Access Agreement) is hereby approved pursuant to Bankruptcy Rule 9019 on an interim basis as to Metavation and shall be treated as a court-approved post-petition contract enforceable in accordance with its terms;

3.  The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified and vacated without further notice, application or order of the Court to the extent necessary to permit the Supporting Customers to exercise any rights available under the

4

Support Agreement and the Access Agreement. In addition, and without limiting the foregoing, upon the occurrence of an Event of Default (as defined in the Access Agreement) and after providing three (3) business days prior written notice (the "Enforcement Notice") to counsel for the Debtors, counsel for the Committee (if appointed), the U.S. Trustee, each Supporting Customer, shall be entitled to take any action and exercise all rights and remedies provided to it by this Interim Order; provided, however, nothing herein shall be deemed to require Chrysler to provide written notice to Metavation, the Office of the United States Trustee and the Official Committee of Unsecured Creditors, three business days prior to exercising its rights under the Agreement to Limit Setoffs and Grant Access and Security relating to non-debtor Contech Castings, LLC, as amended.

4. The Sale Support Payment is not property of the estate until the requirements of Section 4.2 of the Support Agreement are satisfied.

5. This Interim Order, subject to the entry of the Final Order, shall be binding upon Debtors, all parties in interest in these cases and their respective successors and assigns, including any trustee or other fiduciary appointed in these cases or any subsequently converted bankruptcy case of the Debtors.

6. The terms and conditions of this Order shall be immediately valid, binding and enforceable on all parties in interest and fully effective upon its entry.

7. The Final Hearing on the Motion as to Metavation and Revstone is scheduled for August 21, 2013 at 1:10 A.m. (Eastern time) before this Court, with any objections due to be filed with the Court by or before, 4:00 p.m. on August 14, 2013

8. The stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: July 24, 2013
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE