**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Revstone Industries, LLC, et al.,[1] | : | |
| | : | Case No. 12-13262 (BLS) |
| Debtors. | : | |
| | : | Jointly Administered |
| | : | |
| | : | **Related to D.I. 841** |
| In re: | : | Chapter 11 |
| | : | |
| Metavation, LLC, | : | Case No. 13-11831 (BLS) |
| | : | |
| Debtor. | : | Jointly Administered |
| | : | |
| | : | **Related to D.I. 65** |

**LIMITED OBJECTION OF GE CF MEXICO, S. DE R.L. DE C.V. F/K/A GE MEXICO, S.A. DE C.V. TO THE AMENDED MOTION OF METAVATION, LLC AND REVSTONE INDUSTRIES, LLC PURSUANT TO SECTION 105, 362 & 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 4001 AND 9019 FOR ENTRY OF A FINAL ORDER (A) APPROVING AUTOMOTIVE SALE TRANSACTIONS SUPPORT AGREEMENT AND (B) MODIFYING THE AUTOMATIC STAY**

GE CF Mexico, S. de R.L. de C.V. f/k/a GE CF Mexico, S.A. de C.V. ("GE Mexico"), by and through its counsel, asserts its Limited Objection (the "Objection") to the Amended Motion of Metavation, LLC and Revstone Industries, LLC Pursuant to Section 105, 362, & 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019 For Entry of a Final Order (A) Approving Automotive Sale Transactions Support Agreement and (b) Modifying the Automatic Stay (the "Motion").

[1] The debtors in these related chapter 11 bankruptcy cases are: Revstone Industries, LLC; Spara, LLC; Greenwood Forgings, LLC; US Tool and Engineering LLC; and Metavation, LLC.

# I. BACKGROUND

## A. The Bankruptcy Cases

1. On December 3, 2012, Revstone, LLC ("Revstone") and Spara, LLC, each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C §§ 101 *et. seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On January 7, 2013, Greenwood Forgings, LLC, and US Tool & Engineering, LLC, indirect subsidiaries of Revstone, also filed petitions for relief under chapter 11 of the Bankruptcy Code.

3. On July 22, 2013, Metavation, LLC ("Metavation" and together with Revstone, the "Debtors"), which is an indirect subsidiary of Revstone, filed a petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On July 23, 2013, the Debtors filed their Motion of Metavation, LLC and Revstone Industries, LLC Pursuant to Section 105, 362, & 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019 for Entry of a Final Order (A) Approving Automotive Sale Transactions Support Agreement and (b) Modifying the Automatic Stay (the "First Motion") (D.I. 794; D.I. 19).

6. By an ordered entered on July 24, 2013 (D.I. 820; D.I. 49), this Court granted the First Motion on an interim basis, and requested that Metavation file an amended motion with more substantive and informative information regarding the Support Agreement[2].

---

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Motion.

7. Consequently, on July 29, 2013, Metavation filed the current Motion, and on July 30, 2013, the Court scheduled a hearing on approval of the Motion on a final basis. See D.I. Nos. 841 and 847; D.I. Nos. 65 and 69.

**B. GE Mexico's Security Interests**

8. On June 6, 2011, GE Mexico, as lender, and Eptec, S.A. de C.V. ("Eptec", which is a Mexican entity and a non-debtor indirect subsidiary of Revstone), as borrower, entered into a simple credit agreement by which GE Mexico loaned to Eptec the original principal amount of U.S. $9,568,450.[3]

9. On June 30, 2011, GE Mexico, as factor, entered into a Factoring Agreement with Eptec.

10. On May 18, 2012, GE Mexico, as lender, and Eptec, as borrower, entered into a simple credit agreement by which GE Mexico loaned to Eptec the original principal amount of U.S. $3,236,988.65.

11. To secure certain obligations that Eptec owes to GE Mexico, pursuant to a Pledge Agreement, GE Mexico was granted a first priority lien on all of the equity in Eptec, which is held by Metavation Mexico, LLC, and Metavation Mexico II, LLC (which are indirect non-debtor subsidiaries of Revstone).

12. Through a certain Irrevocable Trust Agreement, GE Mexico also has a security interest in certain assets of Eptec.

13. GE Mexico also has numerous personal property lease agreements with Eptec.

[3] Pursuant to a corporate guaranty dated June 6, 2011, Revstone guaranteed Eptec's obligations to GE Mexico relating to this loan.

## II. LIMITED OBJECTION

14. In its Preliminary Statement, the Debtors state that the Supporting Customers are secured by proceeds of the asset sales and certain equipment and real estate interests and that the Supporting Customers will have certain rights and remedies upon default. See Motion, Preliminary Statement, p. 3.

15. The Debtors further provide that the Supporting Customers will be secured by a limited collection of collateral, including the Businesses (as defined in the Motion to include Eptec), certain excess real estate and machinery and equipment, and certain rights of setoff. See Motion, ¶ 21. Nowhere, however, in the Motion or the Summary of the Automotive Sale Transaction Agreement (the "Support Agreement Summary", which is attached as Exhibit B to the Motion), do Debtors provide any description of such collateral.

16. The Support Agreement Summary also provides that Eptec's damper and non-damper businesses are to be sold as part of a larger sale transaction process. See Exhibit B of Motion.

17. GE Mexico recognizes that the Court does not have jurisdiction over the assets and affairs of the Eptec, which is an entity formed under the laws of Mexico.

18. To that effect, it should be clear that the Court is not granting and is not approving a grant of any security interest, lien, or other rights in the equity in, or the assets of, Eptec. Furthermore, it should be clear that any Order approving the Support Agreement does not affect or impair any of GE Mexico's rights and remedies under its agreements with Eptec, an entity that is not before this Court.

19. Accordingly, for the avoidance of any doubt, GE Mexico requests the following language to be included in any Order granting the Motion:

"Notwithstanding any other provision of this Order or the Support Agreement, nothing in this Order or the Support Agreement will affect, limit or impair the security interests, liens, claims, rights or remedies of GE CF Mexico, S. de R.L. de C.V. f/k/a GE CF Mexico, S.A. de C.V. ("GE Mexico") under applicable law with respect to Eptec S.A. de C.V. and its assets or obligations owed to GE Mexico."

20. GE Mexico has requested that the Debtor agree to put such language in its proposed Order. The Debtor, however, has not yet agreed to include such language in its proposed Order.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, GE Mexico respectfully requests that the Court (i) sustain this Objection to the Motion, (ii) include the proposed language set forth above in any Order granting the Motion and approving the Support Agreement, and (iii) grant such further relief to GE Mexico as is appropriate.

Dated: August 19, 2013
Wilmington, Delaware

Respectfully submitted,

By: /s/ Kurt F. Gwynne

Kurt F. Gwynne, Esquire (No. 3951)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Phone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com

Counsel to GE CF Mexico, S. de R.L. de C.V. f/k/a GE CF Mexico, S.A. de C.V.