IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>METAVATION, LLC,<br><br>　　　　　　　　Debtor. | ) Chapter 11<br>)<br>) Case No. 13-11831 (BLS)<br>)<br>)<br>) Related to Docket No. 13, 46, 191 |

**AMENDED ORDER (I) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS AND REIMBURSABLE EXPENSES, (II) AUTHORIZING CONTINUATION OF EMPLOYEE BENEFIT PLANS AND PROGRAMS POSTPETITION, AND (III) AUTHORIZING ALL BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

Upon the Motion of the Debtor for an Order under Sections 105, 363, and 507 of the Bankruptcy Code (i) Authorizing Payment of Prepetition Wages, Salaries, and Employee Benefits, (ii) Authorizing Continuation of Employee Benefit Plans and Programs Postpetition, and (iii) Directing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations (the "Motion");[1] and upon the Motion of the Revstone Committee for entry of an order pursuant to 11 U.S.C. § 105(a) and Del. Bankr. L.R. 9013-1(k) and 9013-1(m)(v) reconsidering and/or otherwise amending the Employee Order (the ":Reconsideration Motion"); and the Court having reviewed the Motion, the DiDonato Declaration, and the Reconsideration Motion; and the Court having determined that the relief requested in the Motion, with the changes requested by the Revstone Committee in the Modification Motion, is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion and the Reconsideration Motion has been given and that no

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Subject to the requirements of section 507(a)(4) of the Bankruptcy Code, the Debtor is authorized, but not directed to pay, the Prepetition Employee Obligations and Employee Benefits that have accrued by virtue of the services rendered by the Employees prior to the Petition Date, subject to the following caps, provided however, any payment authorized pursuant to this Order shall be made in accordance with and subject to the provisions of any approved postpetition financing order and related budget:

| Unpaid Wages (including Employer Tax Obligations) | $300,000 |
|---|---|
| Temporary Workers' Compensation | $250,000 |
| Reimbursement Obligations | $35,000 |
| Medical Plan Contributions | $150,000 |
| Dental Plan Contributions | $7,500 |
| Life and AD&D Insurance, Disability Insurance and Voluntary Life Insurance Programs | $15,000 |
| Ceridian Payments (Payroll Administrator) | $5,000 |

3. The Prepetition Employee Obligations and Employee Benefits that the Debtor is authorized, but not directed, to pay include, without limitation: (a) unpaid prepetition wages and salaries including, without limitation, (i) Payrolls, (ii) Employer Payroll Taxes, (iii) Deductions; (b) Reimbursable Expenses; (c) employee health and welfare benefit claims arising before the

Petition Date including, without limitation, (i) medical, dental, vision and prescription drug coverage; (ii) health savings accounts and flexible spending accounts for health and dependent care under Section 125 of the Internal Revenue Code; (iii) basic life, executive life and voluntary life insurance; (iv) AD&D insurance; (v) short-term and long-term disability benefits; (vi) counseling, (vii) a 401(k) savings plan, (viii) voluntary accident injury insurance, (ix) voluntary critical injury coverage, and (x) PTO.

4.  The Debtor shall not be required to provide prior notice for payments to be made by the Debtor for employee health benefit plans sponsored by Ascalon Enterprises, LLC ("Ascalon"). However, the Debtor shall provide a record of all payments by the Debtor to Ascalon for the health benefit plans provided to the Debtor's employees within ten (10) business days of such payments being made with respect to any such future payments. Such payment record shall include identification of any account at any bank or financial institution used by Ascalon in connection with the health benefit plans provided to the Debtor's employees. Additionally, each month the Debtor shall provide a record of all payments made by Ascalon to health benefit providers on behalf of the Debtor's employees. Such payment record shall include only the check number for each payment, the payee for each payment, and amount of the payments, and shall not include any information that may identify the Debtor's employee seeking payment pursuant to a health benefit claim.

5.  The Debtor is authorized, but not directed, to continue to honor, pay and maintain, in its sole discretion, all of the Employee Benefits to the extent such benefits were in effect as of the Petition Date.

6.  The Debtor and any other third parties administering withholding obligations on behalf of the Debtor, are authorized, but not directed, to make payments to applicable third

parties with respect to the Withholding Obligations, and the Employer Tax Obligation, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

7. The banks and other financial institutions that process, honor and pay any and all checks on account of Prepetition Employee Obligations and Employee Benefits may rely on the representation of the Debtor as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

8. Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall (a) result in any assumption of any executory contract by the Debtor; (b) result in a commitment to continue any plan, program, or policy of the Debtor; (c) be deemed an admission as to the validity of the underlying obligations or a waiver of any rights the Debtor may have to subsequently dispute such obligations; (d) impose any administrative, prepetition, or postpetition liabilities upon the Debtor.

9. Notwithstanding any other provision of this Order, no payment by the Debtor to any individual employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5), except upon further order of this Court.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived.

11. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

12. The Debtor is hereby authorized to take such actions as may be necessary to implement the relief granted by this Order. This Order, and all acts taken in furtherance of or

reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of a final order by this Court.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September 16, 2013

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

WCSR 31029863v2