## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC,[1] | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (1) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM,
(2) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY
GOVERNMENTAL UNITS, (3) FIXING BAR DATE FOR THE FILING OF REQUESTS
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS,
(4) FIXING BAR DATE FOR THE FIING OF WARN ACT CLAIMS, (5) DESIGNATING
FORM AND MANNER OF NOTICE THEREOF,
AND (6) GRANTING RELATED RELIEF**

Upon the Motion[2] of the above-captioned debtor and debtor in possession

(the "Debtor"), seeking the issuance and entry of an order, pursuant to sections 501, 502(b)(9)

and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 (a)(7) and

3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware 2002-1(e) (the "Local Rules") (i) fixing a bar date for the filing of proofs of claim, (ii)

fixing a bar date for the filing of proofs of claim by governmental units, as defined in section

101(27) of the Bankruptcy Code, (iii) fixing bar date for the filing of requests for allowance of

administrative expense claims, (iv) fixing bar date for the filing of WARN Act proofs of claim;

(v) designating the form and manner of notice thereof, and (vi) granting related relief; and it

---

[1]  The Debtor in this Chapter 11 Case is Metavation, LLC f/k/a Hillsdale Automotive, LLC and the last four digits of the Debtor's federal tax identification numbers is 5884.  The location of the Debtor's headquarters is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.
[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

appearing that the relief sought in the Motion and the entry of this Order is appropriate and

necessary in order for the Debtor to determine the nature, scope and classification of all claims;

and it appearing that the relief sought in the Motion is reasonable and in the best interests of the

Debtor and its estate; and no adverse interest being represented, and sufficient cause appearing

therefore, and upon due deliberation given, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that all claims, as defined in section 101(5) of title 11 of the United

States Code (the "Bankruptcy Code"), **arising prior to the Petition Date**, including any claims

against the Debtor's estate based on the Debtor's primary, secondary, direct, indirect, fixed,

secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated,

matured, unmatured, legal or equitable liability, or otherwise (each a "Claim"), except as

otherwise provided for or specifically excepted herein, shall be filed with Rust Consulting/Omni

Bankruptcy (the "Claims Agent"), in writing, together with supporting documentation,

substantially conforming with Official Bankruptcy Form 10, or as otherwise prescribed or

authorized under the Bankruptcy Rules on or before **December 17, 2013, at 4:00 p.m.**

**prevailing Eastern time** (the "Claims Bar Date"), at the office of the Claims Agent as set forth

in the Bar Date notice; and it is further

ORDERED, that all governmental units (which shall include all entities defined as

such in section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim

arising from prepetition tax years or periods or prepetition transactions to which a Debtors was a

party) holding or wishing to assert Claims against the Debtor arising before the Petition Date, are

required to file a proof of Claim on account of any claims such governmental unit holds or

wishes to assert against the Debtor, so that the proof of Claim is **actually received** by the Claims

Agent on or before **4:00 p.m. prevailing Eastern Time on January 20, 2014**

(the "Governmental Unit Bar Date"); and it is further

ORDERED, that all parties asserting a request for payment of administrative

expenses arising between the Petition Date and **November 30, 2013** (but excluding claims for

fees and expenses of professionals retained in these proceedings) or whenever arising under

Section 503(b)(9) of the Bankruptcy Code, shall file a request for payment of such administrative

expense with the Bankruptcy Court  (the "Administrative Expense Request") and, if desired, a

notice of hearing on such Administrative Expense Request[3] so that the Administrative Expense

Request is **actually filed** on or before **4:00 p.m. prevailing Eastern Time on December 17,**

**2013** (the "Administrative Claims Bar Date"); and it is further

ORDERED, that all parties asserting any claims against the Debtor's estate

arising under the WARN Act (or any other similar state law worker notification statute) as of

**November 30, 2013**, shall file a request for payment of such claim with the Claims Agent, so

that such claim is **actually received** by the Claims Agent on or before **4:00 p.m. prevailing**

**Eastern Time on December 17, 2013** (the "WARN Act Claims Bar Date"); and it is further

ORDERED, that the following claims are *excepted* from the provisions of this

Order and are not required to be filed on or before the Claims Bar Date, the Governmental Unit

Bar Date, Administrative Claims Bar Date or WARN Act Claims Bar Date, unless otherwise

ordered by the Court:

---

[3]  Administrative Expense Requests filed without a notice of hearing shall not be scheduled for hearing.

a.      claims already duly filed in this case with the Claims Agent, or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801;

b.      claims listed in the Debtor's Schedules, if the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim as listed and if such claim is not designated therein as "contingent," "unliquidated," "subject to adjustment," "disputed," or "unknown" (or assigned a zero amount);

c.      claims arising on or after the Petition Date, except as provided pursuant to the Administrative Claims Bar Date or the WARN Act Claims Bar Date; and

d.      claims of professionals retained pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to section 327, 328, 330, 331, and 503(b) of the Bankruptcy Code; and it is further

ORDERED, that the holder of any proof of Claim required to be filed pursuant to the provisions of this Order and not filed on or before the Claims Bar Date, the Governmental Unit Bar Date, the Administrative Claims Bar Date or the WARN Act Claims Bar Date, as applicable, shall be forever barred and prohibited from voting on any Plan filed in this chapter 11 case or participating in any distribution in this case including, but not limited to, any distribution under a confirmed plan; and it is further

ORDERED, that in accordance with Bankruptcy Rule 2002, the Debtor is hereby authorized to cause notice of the Claims Bar Date, the Governmental Unit Bar Date, the Administrative Claims Bar Date and the WARN Act Claims Bar Date, in a form substantially of that annexed to the Motion as Exhibit A and incorporated herein, which form is hereby

approved, to be given by first class mail, postage prepaid, on or before **October 18, 2013**, upon

(i) all known creditors, (ii) all parties listed on the Debtor's master mailing matrix; (iii) all

entities having filed a notice of appearance and demand for papers, and (iv) the Office of the

United States Trustee; and it is further

ORDERED that the Debtor's claim agent shall prominently display the bar date

on its website at www.Omnimgt.com/RevstoneIndustries within two (2) days of entry of this

order; and it is further

ORDERED that the Debtor is hereby authorized to cause notice of Claims Bar

Date, the Governmental Unit Bar Date, the Administrative Claims Bar Date, and the WARN Act

Claims Bar Date in a form substantially of that annexed to the Motion as Exhibit B, to be

published in the national edition of the USA Today; and it is further

ORDERED that this Court shall retain jurisdiction to interpret, implement and

enforce the terms and provisions of this Order.

Dated: October 17, 2013

HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY COURT