IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TPOP, LLC,[1] | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

Objection Deadline: December 4, 2013, at 4:00 p.m. (prevailing Eastern time)
Hearing: December 11, 2013, at 10:00 a.m. (prevailing Eastern time)

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE TIME PERIODS DURING WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves (the "Motion") the Court for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), (a) extending the period under section 1121(b) of the Bankruptcy Code during which the Debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") and (b) extending the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtor has the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," together with the Exclusive Filing Period, the "Exclusive Periods"). This is the first request by the Debtor for an extension of the Exclusive Periods. In support of the Motion, the Debtor respectfully states as follows

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (L), and (O).

---

[1] The Debtor in this chapter 11 case is TPOP, LLC f/k/a Metavation, LLC and the last four digits of the Debtor's federal tax identification numbers is 5884. The location of the Debtor's headquarters is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

Venue of the Debtor's chapter 11 cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Section 1121(d) of the Bankruptcy Code provides the basis for the relief requested herein.

**<u>Background</u>**

3.      On July 22, 2013 (the "<u>Petition Date</u>"), the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Metavation continues in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in Metavation's chapter 11 case. No creditors' committee has been appointed in this chapter 11 case.

4.      The factual background relating to the commencement of the chapter 11 case of Metavation is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "<u>DiDonato Declaration</u>") filed on the Petition Date.

5.      The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On the Petition Date, the Debtor filed its *Motion for Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights,*

*Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f)*
*and 363(m); (C) Authorizing the Assumption, Assignment and Sale of Certain Executory*
*Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365; and*
*(D) Granting Related Relief* [Docket No. 18] (the "Sale Motion").

       7.      On August 30, 2013, the Court approved the Sale Motion and entered the
*Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Metavation, LLC's*
*Assets Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and*
*Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy*
*Code Sections 105, 363(B), 363(F) and 363(M); (III) Authorizing the Assumption and*
*Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code*
*Section 363 and 365; and (IV) Granting Related Relief* [Docket No. 216] (the "Sale Order").
Pursuant to the Sale Order, the Debtor was authorized to sell the majority of its assets to Dayco
Products LLC (the "Buyer") pursuant to the terms of the asset purchase agreement (the "APA")
executed by the Debtor and the Buyer.

       8.      On October 17, 2013, the Court entered an Order [Docket No. 268] (the
"Bar Date Order") in this Case in accordance with Bankruptcy Rule 3003(c) fixing the following
deadlines for filing claims:

       a.      December 17, 2013, at 4:00 p.m. prevailing Eastern time as the last
day for the filing of proofs of claim in this Case for all claims against the Debtor arising prior to
the Petition Date;

b.       January 20, 2014, at 4:00 p.m. prevailing Eastern time as the last

day for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to assert

claims arising before the Petition Date;

c.       December 17, 2013, at 4:00 p.m. prevailing Eastern time as the last

day for all parties asserting administrative expenses against the Debtor's estate (i) arising

between the Petition Date and November 30, 2013 (but excluding claims for fees and expenses

of professionals retained in these proceedings) and (ii) whenever arising under Section 503(b)(9)

of the Bankruptcy Code, to file a request for payment of such administrative expense; and

d.       December 17, 2013, at 4:00 p.m. prevailing Eastern time as the last

day for all parties asserting claims against the Debtor's estate arising under the WARN Act (or

any other similar state law worker notification statute) as of November 30, 2013, to file a request

for payment of such claims.

9.       The current Exclusive Filing Period for the Debtor expires on November

19, 2013 and the current Exclusive Solicitation Period expires on January 21, 2014.

## Relief Requested

10.      By this Motion, the Debtor seeks to extend the Exclusive Filing Period

from the current November 19, 2013 deadline through and including February 28, 2013.  The

Debtor further seeks to extend the Exclusive Solicitation Period from the current January 21,

2014 deadline through and including April 30, 2014.  The Debtor further requests that the

extension be without prejudice to the Debtor's right to seek additional extensions of the

Exclusive Periods for cause in accordance with section 1121(d).

**Basis for Relief**

11.     Section 1121(d) of the Bankruptcy Code grants the Court authority to

extend the Exclusive Periods "for cause" after notice and a hearing.  11 U.S.C. § 1121(d).

Although the term "cause" is not defined by the Bankruptcy Code, the legislative history

indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement."

H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997).  *See also In re McLean Indus., Inc.*, 87 B.R.

830, 833 (Bankr. S.D. N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978),

*reprinted in* 1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of N. H.*, 88 B.R. 521, 534

(Bankr. D. N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility").

12.     To facilitate this legislative intent, a debtor should be given a reasonable

opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and

nonfinancial information concerning the ramifications of any proposed plan for disclosure to

creditors.  *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322,

327 (Bankr. S.D. N.Y. 1987).  The decision to extend a debtor's exclusive periods to file a plan

and solicit acceptances thereof is committed to the sound discretion of the bankruptcy court,

based upon the facts and circumstances of each particular case.  *See, e.g., First Am. Bank of N.Y.

v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

13.     Courts have relied on a variety of factors when determining whether cause

exists for an extension of a debtor's exclusive periods to file a plan and solicit acceptances

thereof, any of which may provide sufficient grounds for extending those periods.  These factors

include (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate

and prepare adequate information, (c) the existence of good faith progress toward reorganization,

(d) whether the debtor is paying its debts as they come due, (e) whether the debtor has

demonstrated reasonable prospects for filing a viable plan, (f) whether the debtor has made

progress in negotiating with creditors, (g) the length of time the case has been pending,

(h) whether the debtor is seeking the extension to pressure creditors, and (i) whether unresolved

contingencies exist. *See, e.g., In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D.

Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex 1996); *In re

Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); *In re

Texaco, Inc.*, 76 B.R. at 327.  However, the identified criteria are only factors, not all of which

are necessarily relevant in every case. *See In the Matter of Federated Department Stores and

Allied Stores Corporation*, 1990 Bankr. Lexis 711, *6 (Bankr. S.D. Ohio 1990).  Moreover, no

one factor is dispositive, and the Court is not restricted to counting factors. *Dow Corning*, 208

B.R. at 669.

   14. Cause exists in this chapter 11 case for extending the Exclusive Periods as

requested in this Motion, as several of the above-noted factors are present.  Since the

commencement of the chapter 11 cases, the Debtor has:

- Obtained important first day orders authorizing the Debtor to (i) continue its existing cash management system, (ii) pay certain prepetition claims of employees and maintain the related benefit programs, (iii) maintain its insurance programs; (iv) provide adequate assurance to its utility providers to insure continuity of service throughout the chapter 11 cases; and (v) obtain debtor in possession financing to continue operations prior to the sale of the Debtor's assets;

- Filed the Debtor's schedules of assets and liabilities and statements of financial affairs;

- Responded to numerous objections from the Committee and BFG to administrative motions related to retention of professionals;

- Received Court authority for and closed the sale of the majority of its assets to Dayco Products LLC;

- Performed analysis and accessed alternatives for settlement of claims arising from the pension plans for which the Debtor serves as sponsor;

- Marketed the remaining assets of the company related to its Vassar Foundry operations;

- Negotiated with the union representatives for the consensual termination of the collective bargaining agreement for certain of the employees at the Vassar Foundry;

- Moved to reject certain executory contracts and leases no longer beneficial to the estate after closing of the sale;

- Set a bar date in this case establishing (a) a deadline for filing proofs of claim for all claims arising prior to the respective Petition Dates; (b) a deadline for all governmental units to file claims against the Debtor arising before the respective Petition Dates; (c) a deadline for all parties asserting a request for payment of administrative claims, including claims arising under Section 503(b)(9) of the Bankruptcy Code;

- Analyzed and addressed issues with respect to pending litigation and strategies to maximize recoveries to the estate;

- Developed detailed financial projections and scenarios for the continued business operations of the Debtor's remaining assets; and

- Addressed numerous issues with its suppliers, customers and vendors to ensure that the Debtor continues to operate is remaining business in chapter 11.

15.    The Debtor has made significant progress in the chapter 11 cases; however, significant tasks lie ahead and certain contingencies remain, warranting an extension of the Exclusive Periods. The Debtor is developing a comprehensive process for the sale and/or wind down of remaining assets. In the near term, the Debtor will continue to devote substantial time to completing the process for sale and/or wind down of the equipment from the Vassar Foundry facility. Contemporaneously with the sale or disposition of its remaining assets, the Debtor is evaluating the filing of a plan in this case or otherwise determining the best method to wind up the estate. In connection with these efforts, and after the expiration of the bar dates listed above, the Debtor will review and analyze the administrative or unsecured claims received to identify those that require objection and to incorporate certain aspects of that review in any disclosure statement relating to a proposed plan.

16.    The Debtor has acted in good faith to maximize the value of its estate for the benefit of all creditors. The Debtor and its proposed professionals continue to expeditiously move this case forward. At this time, it would not be prudent for the Debtor to abandon its exclusivity rights. Accordingly, by this Motion, the Debtor seeks to extend its Exclusive Periods, without prejudice to the Debtor's right to request further extensions of the Exclusive Periods.

17.    The extensions of the Exclusive Periods sought herein will not harm or prejudice the Debtor's creditors or other parties in interest in this chapter 11 case and will, in the Debtor's opinion, further the intent of section 1121 of the Bankruptcy Code, which is to afford the Debtor a meaningful and reasonable opportunity to complete the sale of its remaining assets

and negotiate with its creditors regarding a potential plan. These chapter 11 cases do not bear

characteristics that would justify the denial of an extension of the exclusive periods. *See, e.g., In

re Gagel & Gagel*, 24 B.R. 674 (Bankr. S.D. Ohio 1982) (denying extension of exclusivity

period because extension would be fruitless); *Dow Corning*, 208 B.R. at 670 (stating that an

extension of the exclusive period should be denied if debtor appeared to be attempting to delay

the administration of the bankruptcy case). The Debtor is not seeking the extensions to delay

administration of its case or to pressure creditors to accept an unsatisfactory plan. On the

contrary, this request is intended to facilitate an orderly, efficient, and cost-effective plan process

for the benefit of all creditors.

18.    Moreover, the Debtor submits that the requested extensions are reasonable

and relatively modest. Courts in this District have, on numerous occasions, granted extensions

of exclusivity in similar chapter 11 cases. *See, e.g. In re Revstone Industries, LLC, et al.,* Case

No. 12-13262 (BLS) (Bankr. D. Del. December 3, 2013) (granting first motion to extend

exclusive periods); *In re Point Blank Solutions, Inc., et al.*, Case No. 09-14019 (PJW) (Bankr. D.

Del. June 27, 2011) (granting fourth motion to extend exclusivity period); *In re Champion

Enterprises, Inc., et al.*, Case No. 09-14019 (KG) (Bankr. D. Del. May 13, 2010) (same), *In re

Western Nonwovens, Inc., et al.*, Case No. 08-11435(PJW) (Bankr. D. Del. Aug. 11, 2009)

(same); *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (PJW) (Bankr. D. Del.

February 5, 2007) (granting motion to extend exclusivity periods); *In re Global Home Products

LLC*, Case No. 06-10340 (KG) (Bankr. D. Del. Sept. 5, 2006) (same).

19.     Accordingly, the Debtor submits that the extension of the Exclusive Periods requested herein is reasonable and appropriate under the circumstances and should be granted as being in the best interests of the Debtor's estate and creditors.

## Notice

20.     Notice of this Motion has been given to the following parties or to their counsel: (i) the Office of the United States Trustee; (ii) the twenty (20) largest unsecured creditors; and (iii) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtor requests entry of an Order, substantially in the form attached hereto, extending the Debtor's Exclusive Filing Period through and including February 28, 2014 and the Debtor's Exclusive Solicitation Period through and including April 30, 2014, and for such other and further relief as this Court deems appropriate.

Dated: November 18, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com
        crobinson@pszjlaw.com

[Proposed] Counsel to the Debtor and Debtor in Possession