IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TPOP, LLC | : | Case No. 13-11831 (BLS) |
| f/k/a Metavation, LLC | : | |
| | : | |
| Debtor | : | |
| | : | Obj. Deadline: Dec. 4, 2013 at 4:00 p.m. |
| | | Hearing Date: Dec. 11, 2013 at 10:00 a.m. |

**UNITED STATES TRUSTEE'S MOTION FOR ENTRY
OF AN ORDER CONVERTING THIS CHAPTER 11 CASE**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, hereby moves for entry of an order converting this chapter 11 case (the "Motion"), and in support thereof states as follows:

1. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

2. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Motion.

**BACKGROUND**

3. On July 22, 2013, TPOP, LLC f/k/a Metavation, LLC (the "Debtor" or

"TPOP")[1] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]

4. No official committee of unsecured creditors has been appointed in the TPOP case.

5. On August 23, 2013, the Pension Benefit Guaranty Corporation ("PBGC") filed a complaint in the U.S. District Court for the Eastern District of Kentucky against the Debtor to terminate the Hillsdale Hourly Pension Plan and the Hillsdale Salaried Pension Plan. *PBGC v. Metavation, LLC,* et al, case no. 13-cv-00273 (E.D. Ky.).

6. On August 30, 2013, this Court entered an order approving the sale of substantially all of the Debtor's assets to Dayco Products, LLC.

## ARGUMENT

7. The United States Trustee submits that the Court should convert this case because (i) there is a "continuing loss to or diminution of the [Debtor's] estate and the absence of a reasonable likelihood of rehabilitation" under 11 U.S.C. § 1112(b)(4)(A) and (ii) the Debtor has failed to file monthly operating reports for the periods of July 22-31, August or September 2013. Under these circumstances, this Court is obligated to either convert the Debtor's case to a case under chapter 7 or dismiss the case, whichever is in the best interests of creditors and the estate pursuant to 11 U.S.C. § 1112(b)(1).

8. Section 1112(b) of the Bankruptcy Code provides that if the movant establishes cause, the court shall, after notice and a hearing, convert a case to Chapter 7, or

---

[1] An administrative order amending the case caption was entered on November 12, 2013.
[2] On December 3, 2012, related debtors Revstone Industries, LLC and Spara, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 17, 2012, an official committee of unsecured creditors was appointed in the Revstone Industries, LLC ("Revstone") case. On January 7, 2013, debtors Greenwood Forgings, LLC ("Greenwood") and US Tool and Engineering, LLC ("US Tool") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On February 6, 2013, the Revstone, Greenwood and US Tool cases were jointly administered by order of this Court.

dismiss a case, whichever is in the best interest of creditors and the estate, "absent unusual circumstances specifically identified by the court that establish that the requested conversion is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

9. Pursuant to 11 U.S.C. §1112(b)(4), "cause" includes: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (§ 1112 (b)(4)(A)), and unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter (§1112(b)(4)(F)).  Pursuant to Bankruptcy Code section 102(3), "includes" and "including" are not limiting.  Thus, cause for conversion or dismissal may exist beyond the various examples cited in 11 U.S.C. § 1112 (b)(4), such as lack of good faith. *See In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999).

10. In this case, the "continuing loss/diminution" prong of 11 U.S.C. § 1112(b)(4)(A) is satisfied by the fact that the Debtor is presumably continuing to incur administrative costs as a result of the attorney fees in connection with the pension plan litigation (as well as professional fees in connection with the bankruptcy case).   There is no reasonable chance of "rehabilitation" in this case as the Debtor has already sold substantially all of its assets and has no continuing business operations.  There does not appear to be any purpose in remaining in chapter 11.  The existence of the related Revstone case does not prevent conversion of this case.  This case is not jointly administered with the Revstone case.  In addition, the creditor bodies in each of the cases, except for the PBGC, are divergent.

11. The Debtor has failed to file any Monthly Operating Reports in the case, and is currently delinquent for the periods of July 22-31, August and September 2013.  The failure to file the Monthly Operating Reports has resulted in the inability of parties in interest

to determine whether there is a continuing loss or diminution to the estate or whether the Debtor is paying its administrative expenses as they come due.

12. Under such circumstances, and consistent with 11 U.S.C. § 1112(b)(1), this Court should convert the above-captioned case to a case under chapter 7, as it cannot be disputed that "cause" exists to convert this case.

WHEREFORE the U.S. Trustee requests that this Court issue an order converting this chapter 11 case and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By:   /s/ Jane M. Leamy
    Jane M. Leamy (#4113)
    Trial Attorney
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491

Dated: November 19, 2013     (302) 573-6497 (Fax)