**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TPOP, LLC, | Case No. 13-11831 (BLS) |
| Debtor. | **Obj. Deadline: December 4, 2013 at 4:00 p.m.**<br>**Hearing Date: December 11, 2013 at 10:00 a.m.** |

**CENTRAL MICHIGAN STAFFING INC.'S MOTION FOR ALLOWANCE AND**
**IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**
**PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Central Michigan Staffing, Inc. ("CMS"), by and through its undersigned attorneys, hereby moves this Court (the "Motion") for the entry of an order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing and directing immediate payment to CMS of an administrative expense claim in the amount of $22,815.96 for post-petition services provided to TPOP, LLC f/k/a Metavation, LLC (the "Debtor").  In support of its Motion, CMS respectfully states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Motion is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

4.      CMS consents to the Court's entry of a final order or judgment resolving this Motion.

5.      The statutory basis for the relief requested in this Motion is 11 U.S.C. § 503(b)(1)(A).

## BACKGROUND

6.        Prior to July 22, 2013 (the "Petition Date"), the Debtor and CMS entered into an that certain Client Agreement, dated January 27, 2011 (the "Agreement"), pursuant to which CMS agreed to provide temporary staffing services to the Debtor in exchange for payment from the Debtor for such services.

7.        On the Petition Date, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").   After the Petition Date, the Debtor continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.        On the Petition Date, the Debtor filed the *Motion of Debtor Metavation, LLC for Order Under Sections 105, 363, and 507 of the Bankruptcy Code (I) Authorizing Payment of Prepetition Wages, Salaries, Employee Benefits and Reimbursable Expenses, (II) Authorizing Continuation of Employee Benefits Plans and Programs Postpetition, and (III) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations* (the "Wage Motion") [Docket No. 13].   Pursuant to the Wage Motion, the Debtor sought authority to, *inter alia*, honor prepetition obligations to temporary staffing workers via payment directly to the workers or through employment agencies, such as CMS.   The Debtors acknowledged that they relied on the temporary workers to "supplement critical needs in employee staffing" and that they were "essential to the Debtor's ability to preserve the value of its business."   Wages Motion, ¶10.   The Court entered an order approving the Wages Motion on July 24, 2013 [Docket No. 46] and an amended order on September 16, 2013 [Docket No. 247].

9.        On August 30, 2013, the Court approved a sale (the "Sale") of substantially all of the Debtor's assets to Dayco Products LLC ("Dayco") [Docket No. 216].   CMS continued to

perform under the Agreement by providing temporary staffing services to the Debtor on a post-petition basis until Dayco acquired the Debtor's assets in the Sale.  After the Sale, CMS entered into a separate agreement with Dayco to provide it with similar services.

10.     The Debtor paid the majority of CMS's post-petition invoices, with the exception of one invoice, Invoice No. 34941, dated September 10, 2013, in the amount of $22,815.96.  A copy of Invoice No. 34941 is attached hereto as Exhibit A.

11.     Under the Agreement, the Debtor's payments are due upon receipt of the invoice.

12.     On October 17, 2013, the Court entered an order [Docket No. 268] that, *inter alia*, established a deadline for filing administrative expense claims of December 17, 2013 (the "Administrative Claim Bar Date").

13.     On October 23, 2013, the Debtor filed the *Debtor's Omnibus Motion for Order Authorizing the Rejection of Executory Contracts Nunc Pro Tunc Pursuant to 11 U.S.C. §§ 105 and 365 and Bankruptcy Rule 6006* [Docket No. 280] (the "Contract Rejection Motion"). Pursuant to the Contract Rejection Motion, the Debtor sought to reject the Agreement as of October 13, 2013.  *See* Contract Rejection Motion, Ex. A.  On November 12, 2013, the Court entered an order approving the Contract Rejection Motion [Docket No. 296].

## RELIEF REQUESTED

14.     By this Motion, CMS respectfully requests that the Court enter and order (a) allowing CMS an administrative expense claim in the amount of $22,815.96 for post-petition services provided to the Debtor, and (b) ordering the Debtor to pay CMS's allowed administrative expense claim immediately.

**BASIS FOR RELIEF**

A.    **The Court Should Allow CMS an Administrative Expense Claim for Unpaid Post-Petition Services Provided to the Debtor**

15.    Section 503 of the Bankruptcy Code provides that, after notice and a hearing, there shall be allowed administrative expenses, including the "actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).

16.    This Court has consistently held that a debtor must pay the reasonable value of the services received under a post-petition executory contract pending assumption or rejection of that contract.  *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) (citing *NLRB. v. Bildisco*, 465 U.S. 513, 531 (1984)).  It is presumed that, when a contract exists, the contract rate is the reasonable value of the services provided to the estate.  *Smurfit-Stone*, 425 B.R. at 741 (citing *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003).

17.    While the Debtor has made some post-petition payments to CMS in the ordinary course of business, there remains one outstanding invoice that has not been paid.  CMS files this Motion out of an abundance of caution to ensure that it is fully compensated for post-petition services provided to the Debtor.  The Debtor acknowledges that the Agreement was an executory contract (which it has now rejected) and that the services provided by CMS were "essential to the Debtor's ability to preserve the value of its business."

18.    For these reasons, the Court should allow CMS an administrative expense claim in the amount of $22,815.96 for unpaid post-petition services provided to the Debtor.

**B.      The Court Should Compel Immediate Payment of CMS's Administrative
Expense Claim**

19.      "Courts have discretion to determine when an administrative expense will be

paid."  *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005) (citing *HQ Global*

*Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002)).  "In determining the time of payment,

courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other

creditors."  *Id.*

20.      There is no valid reason to defer payment of CMS's administrative expense claim.

Indeed, the Debtor has made payment on all but one invoice issued by CMS for post-petition

services provided to the Debtor.  Apparently, the Debtor has paid and continues to pay other

post-petition expenses in conducting its business.  CMS should not be treated less favorably.

21.      For these reasons, the Court should compel immediate payment of CMS's

allowed administrative expense claim.

WHEREFORE, for the reasons stated herein, CMS respectfully requests that the Court

enter an order, substantially in the form attached hereto as Exhibit B: (i) allowing CMS an

administrative expense claim in the amount of $22,815.96 for post-petition services provided to

the Debtor; (ii) ordering the Debtor to pay CMS's allowed administrative expense claim

immediately; and (iii) granting such other and further relief as the Court may deem just and

proper.

Dated: November 20, 2013

BARNES & THORNBURG LLP

*/s/ Kevin G. Collins*
David M. Powlen (DE No. 4978)
Kevin G. Collins (DE No. 5149)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
Tel: (302) 300-3434
Fax: (302) 300-3456
Email: david.powlen@btlaw.com
        kevin.collins@btlaw.com

-and-

Michael B. Watkins
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
Tel: (574) 237-1159
Fax: (574) 237-1125
Email: mike.watkins@btlaw.com

*Attorneys for Central Michigan
Staffing, Inc.*

WIDS01 5814v1