UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TPOP, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | **Ref. D.I. 305** |
| | ) | **Hearing Date: December 11, 2013 at 11:00 a.m. (ET)** |
| | ) | |

**OBJECTION BY HILLSDALE HOURLY PENSION PLAN, HILLSDALE
SALARIED PENSION PLAN, REVSTONE CASTINGS FAIRFIELD GMP LOCAL 359
PENSION PLAN, AND THE FOURSLIDES INC. PENSION PLAN TO DEBTOR'S
MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE
TIME PERIODS DURING WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO
FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**

Hillsdale Hourly Pension Plan, Hillsdale Salaried Pension Plan, Revstone Castings
Fairfield GMP Local 359 Pension Plan, and the Fourslides Inc. Pension Plan (collectively, the
"**Plans**") submit this objection (the "**Objection**") to the *Debtor's Motion for an Order Pursuant
to 11 U.S.C. § 1121(d) Extending the Time Periods During Which The Debtor has the Exclusive
Right to File a Plan and Solicit Acceptances Thereof* [D.I. 305] (the "**Exclusivity Motion**").

## JURISDICTION

1.      This Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157
and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the
United States Code (the "**Bankruptcy Code**") on July 22, 2013 in the United States Bankruptcy
Court for the District of Delaware (the "**Court**").

3.      Debtor continues in possession of its property and in control of its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4.      On November 18, 2013, the United States Trustee (the "**UST**") and the Pension Benefit Guaranty Corporation (the "**PBGC**") each filed a motion seeking to convert Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code [D.I. 306-07]. The UST and the PBGC allege that Debtor's estate is suffering a continuing loss or diminution, as Debtor no longer generates income through operations but is involved in extensive litigation and is incurring substantial professional fees. *See id.* Furthermore, the UST and PBGC allege that there is no reasonable likelihood of rehabilitation, as Debtor is attempting a liquidation in this case. *See id.*

5.      On November 18, 2013, the Debtor filed its Exclusivity Motion seeking to extend the Debtor's exclusive period to file a chapter 11 plan of reorganization (the "**Filing Period**") from November 19, 2013 to February 28, 2013, and to extend Debtor's exclusive period to solicit acceptances (the "**Solicitation Period**") (together with the Filing Period, the "**Exclusivity Periods**") to such a plan from January 21, 2014 to April 30, 2014.

## OBJECTION

6.      As more fully set forth below, the Court should deny the Exclusivity Motion because Debtor has not met its burden of establishing cause sufficient to warrant an extension and because allowing the Exclusivity Periods to expire will facilitate moving the case toward a fair and equitable resolution.

A.     **The Exclusivity Motion should be denied because the**
       **Debtor has not established cause.**

7.      Debtor bears the burden of demonstrating the existence of good cause sufficient to warrant an extension of the Exclusivity Periods. *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007).   Section 1121(d) "requires that an affirmative showing of cause, *supported by evidence*, be made by the party seeking the extension … of time." *Id.* (emphasis added); *see also Southwest Oil Co. of Jour-Danton, Inc.*, 84 B.R. 448, 451 (Bankr. W.D. Tex. 1987) (denying motion to extend because the debtors' *prima facie* case based on recitations and allegations in their motion to extend was ultimately unsupported by facts).

8.      Extensions are disfavored under the law, and courts should not routinely grant them. *In re Southwest Oil*, 84 B.R. at 450.   Congress has "expressly recognized the problems faced by creditors where a debtor unreasonably delays proposing a plan of reorganization." *Id.* (citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (dictum) ("Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostage of Chapter 11 debtors.")).

9.      The Exclusivity Motion provides little evidence in support of the request for an additional extension of the Exclusivity Periods.   Indeed, Debtor fails to meet one of the most important factors for establishing cause: showing significant progress towards formulation of a successful plan of reorganization or other resolution of the case.

10.      "In virtually every case where an extension has been granted, the debtor has shown substantial progress has been made in formulating a plan during the first 120 days." *In re Southwest Oil*, 84 B.R. at 451 (examining cases); *see also In re Sharon Steel Corp.*, 78 B.R. 762, 765 (Bankr. W.D. Penn. 1987) (rejecting motion to extend because debtor failed to disclose "information which would indicate sufficient progress in its negotiations to justify an extension

of the exclusivity period"). Along with substantial progress, a "granted extension should be based on a showing of some promise of probable success" for reorganization. Rep. of the Comm. on the Judiciary, U.S. Senate, to accompany S.226, S. Rep. No. 95-989, 95th Cong., 2d Sess., at 118 (1978); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643 (8th Cir. B.A.P. 2003).

11.    Here, the Exclusivity Motion neither demonstrates "substantial progress" toward negotiation of a successful plan nor provides a reasonable "promise of probable success." While Debtor has completed a sale of its major assets, since that sale was approved over three months ago, the Debtor has neither demonstrated any progress—let alone substantial progress—toward the negotiation of a successful plan nor facts that indicate probable success. Debtor has had ample time to propose and negotiate a plan or alternative approach to resolve the case, and now the time has come to allow competing plans. *See Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 102 (3d Cir. 1988) (explaining that Congress intended Section 1121(d) to prevent the exclusivity periods from lasting so long that debtors gained "'undue bargaining leverage' … to force unfair concessions").

**B.    Denying the Exclusivity Motion will facilitate progress
toward a fair and equitable resolution.**

12.    Even assuming cause exists, the Court may nonetheless deny the Exclusivity Motion. *In re Sharon Steel*, 78 B.R. at 763 (finding that Congress's use of the word "may" means that "the court *may* refuse to extend the exclusivity period even if there is a showing of cause") (emphasis in original). "[A] transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002).

01:14557672.1

13.     The Court will best facilitate this case's progress by denying the Exclusivity Motion and allowing all realistic options to be explored in competing proposals.  Denying the Exclusivity Motion will not prevent the Debtor from proposing its own plan, which Debtor has already had ample time to do.  *In re R.G. Pharmacy*, 374 B.R. 484.

14.     Furthermore, rather than impede negotiations, denying the Exclusivity Motion will facilitate negotiations among all interested parties.  *See In re Mayo Newhall Mem'l Hosp.*, 282 B.R. at 452 (citing David G. Epstein, et al., *Bankruptcy* § 11-15 (1992)).   Allowing competing plans to be filed by non-debtor parties will allow those parties who clearly have an interest in securing a successful and speedy resolution to this case to share and solicit support for their best ideas for the Debtor's reorganization.  This should ultimately allow the best possible plan to be adopted more quickly than if the Debtor remains in exclusive control.  *See In re Sharon Steel*, 78 B.R. at 766 ("The leverage accorded to the debtor by the period of exclusivity must give way to the legitimate interests of other parties in interests so that progress toward an effective reorganization of the debtor may be enhanced before it is too late.").

15.     For these reasons, the Debtor's Exclusivity Motion should be denied.

01:14557672.1

## CONCLUSION

WHEREFORE, the Plans respectfully request that the Court deny the Exclusivity Motion.

Date:   December 4, 2013
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/     Kenneth J. Enos
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  jwaite@ycst.com
Email:  kenos@ycst.com

-AND-

Dennis J. Connolly, Esq.
*(admitted pro hac vice)*
Kevin M. Hembree, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
Email:  dennis.connolly@alston.com
Email:  kevin.hembree@alston.com

*Counsel to Hillsdale Hourly Pension Plan, Hillsdale Salaried Pension Plan, Revstone Castings Fairfield GMP Local 359 Pension Plan and Fourslides Inc. Pension Plan*
