IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TROP, LLC f/k/a METAVATION, LLC, | Case No. 13-11831 (BLS) |
| Debtor. | Jointly Administered |
| | **Hearing Date:  January 22, 2014 at 11:00 a.m. (ET)** |
| | **Objection Deadline:  January 15, 2014 at 4:00 p.m. (ET)** |

**MOTION OF TONAWANDA COKE CORPORATION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM
PURSUANT TO 11 U.S.C. § 503(B)(9)**

Tonawanda Coke Corporation ("Tonawanda"), by and through its undersigned counsel, hereby moves (this "Motion") for the entry of an order pursuant to 11 U.S.C. § 503(b)(9) allowing its administrative expense priority claim against Metavation, LLC ("Debtor") in the amount of $48,229.75.  In support hereof, Tonawanda respectfully states as follows:

**GENERAL BACKGROUND**

1. On July 22, 2013 (the "Petition Date"), Debtor filed a voluntary petition under for protection under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code.").

2. On October 17, 2013, the Court entered an order (the "Bar Date Order") (Docket No. 268) establishing December 17, 2013 at 4:00 p.m. (prevailing Eastern Time) as the deadline for filing of proofs of claims related to claims arising prior to the Petition Date (the "General Bar Date").

3. The Bar Date Order also established December 17, 2013 at 4:00 p.m. (prevailing Eastern Time) as the deadline to request payment of administrative expense priority

-1-

claims, including claims arising under section 503(b)(9) of the Bankruptcy Code (the "Administrative Claims Bar Date").

## BACKGROUND RELATED TO CLAIM

4.   On or about December 10, 2013, Tonawanda timely filed a proof of claim (the "Proof of Claim") asserting various pre-Petition Date claims against Debtor in the aggregate amount of $77,614.30; consisting of an administrative expense priority claim against Debtor in the amount of $48,229.75 (the "Tonawanda 503(b)(9) Claim"), as well as a general unsecured claim in the amount of $29,384.55 (the "Tonawanda General Unsecured Claim").

5.   The Tonawanda 503(b)(9) Claim, in aggregate the amount of $48,229.75, is for the value of foundry coke sold by Tonawanda to Debtor in the ordinary course of Debtor's business and received by Debtor within twenty (20) days before the Petition Date (the "Twenty-Day Goods").  The Tonawanda 503(b)(9) Claim is entitled to administrative expense priority pursuant to sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code.

6.   The invoices, bills of lading, and proofs of delivery pertaining to the Tonawanda 503(b)(9) Claim, and proving Tonawanda's entitled to an allowed claim under section 503(b)(9) of the Bankruptcy Code, are attached hereto as **Exhibit A**.

7.   Debtor has not paid Tonawanda for the Twenty-Day Goods.  All amounts on account of the Twenty-Day Goods remain due and owing.

## JURISDICTION AND VENUE

8.   The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S. C. § 157(b).  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

9.   The statutory predicates for the relief sought herein are sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code.

**REQUEST FOR RELIEF**

10.     Tonawanda respectfully requests the entry of an order allowing the Tonawanda 503(b)(9) Claim against Debtor in the amount of $48,229.75 as an administrative expense priority claim pursuant to sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code.

**BASIS FOR RELIEF**

11.     Section 503(b)(9) provides that after notice and a hearing, there shall be allowed an administrative expense priority claim for "the value of any goods received by the debtor within 20 days before the date of the commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9); *See, e.g., In re Dana Corp.*, 367 B.R. 409, 415 n.5 (Bankr. S.D.N.Y. 2007) ("With the introduction of section 503(b)(9) … goods delivered to a debtor in the 20 days prior to bankruptcy will have automatic priority").

12.     As set forth above and identified in the attached **Exhibit A**, Tonawanda delivered and Debtor received the Twenty-Day Goods in the total aggregate amount of $48,229.75 within twenty (20) days before the Petition Date.  As of the date hereof, Tonawanda has not received payment for such Twenty-Day Goods, which were sold and delivered to Debtor in the ordinary course of Debtor's business.  Tonawanda therefore requests that it be granted an allowed administrative expense priority claim in the amount of $48,229.75 pursuant to section 503(b)(9) of the Bankruptcy Code, which administrative expense priority claim is entitled to priority distribution pursuant to section 507(a)(2) of the Bankruptcy Code.

**RESERVATION OF RIGHTS**

13.     Nothing herein shall be construed as a waiver or limitation on the rights of Tonawanda to pursue any and all claims it holds against Debtor, including, without limitation, the Tonawanda General Unsecured Claim set forth in the Proof of Claim.  Tonawanda hereby

expressly reserves its right to assert additional claims against Debtor and its estate and to amend, modify, and/or supplement this request.

## CONCLUSION

WHEREFORE, Tonawanda respectfully requests that the Court enter an order (i) granting Tonawanda an allowed administrative expense priority claim in the amount of $48,229.75, which claim is entitled to priority distribution pursuant to section 507(a)(2) of the Bankruptcy Code, and (ii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  December 12, 2013
       Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ John H. Schanne II
Henry J. Jaffe (DE No. 2987)
John H. Schanne II (DE No. 5260)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

*Counsel for Tonawanda Coke Corporation*