IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TPOP, LLC,[1]<br><br>           Debtor. | Chapter 11<br><br>Case No. 13-11831 (BLS)<br><br>**Objection Deadline: January 30, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: To be scheduled.** |

**DEBTOR'S SIXTEENTH MOTION FOR ORDER FURTHER EXTENDING THE
PERIOD WITHIN WHICH DEBTOR MAY REMOVE ACTIONS PURSUANT
TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

The above-captioned Debtor (the "Debtor" or "Liquidating Debtor") hereby moves

this Court (the "Motion") for entry of an order further extending the period within which the

Liquidating Debtor may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal

Rules of Bankruptcy Procedure.  In support of this Motion, the Liquidating Debtor respectfully

states as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (M) and (O).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein 28 U.S.C. § 1452

("Section 1452") and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

---

[1] The Debtor in this chapter 11 case is TPOP, LLC, f/k/a Metavation, LLC, and the last four digits of its federal tax identification numbers are 5884.  The location of the Debtor's headquarters is TPOP, LLC f/k/a Metavation, LLC, c/o Huron Consulting Group Inc., P O Box 1720, Birmingham, MI 48012, Attn: John C. DiDonato, Chief Restructuring Officer.

**Background**

3.        On July 22, 2013 (the "<u>Petition Date</u>"), the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  No trustee or examiner has been appointed in TPOP's chapter 11 case.  No creditors' committee has been appointed in this chapter 11 case.

4.        The factual background relating to the commencement of the chapter 11 case of TPOP is set forth in detail in the *Declaration of John C. DiDonato in Support of Metavation, LLC Petition and First Day Motions* (the "<u>DiDonato Declaration</u>") [Docket No. 3] filed on the Petition Date.

5.        On the Petition Date, the Debtor filed its *Motion for Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); (C) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365; and (D) Granting Related Relief* [Docket No. 18] (the "<u>Sale Motion</u>").

6.        On August 30, 2013, the Court approved the Sale Motion and entered the *Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Metavation, LLC's Assets Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(B), 363(F) and 363(M); (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Section 363 and 365; and (IV) Granting Related Relief* [Docket No. 216] (the "<u>Sale Order</u>").  Pursuant to the Sale Order, the Debtor was authorized to sell certain of its assets to Dayco Products LLC (the "<u>Buyer</u>")

pursuant to the terms of the asset purchase agreement (the "APA") executed by the Debtor and the Buyer.

7.    On February 14, 2014, the Debtor, together with Revstone Industries, LLC ("Revstone", together with TPOP, the "Debtors"), filed the  (a) *Motion of TPOP, LLC, et al. for Order Pursuant to 11 U.S.C. §§ 105 & 363 and Bankruptcy Rule 9019 Authorizing and Approving Settlement Agreement With Pension Benefit Guaranty Corporation* [Docket No. 402 (TPOP)], and (b) *Motion of Revstone Industries, LLC  for Order Pursuant to 11 U.S.C. §§ 105 & 363 and Bankruptcy Rule 9019 Authorizing and Approving Settlement Agreement With Pension Benefit Guaranty Corporation* [Docket No. 1322 (Revstone)] (together, the "PBGC Settlement Motions"). By the PBGC Settlement Motions, the Debtors sought approval of the Settlement Agreement dated as of February 11, 2014 (the "PBGC Settlement Agreement"), by and among (i) the Debtors, (ii) certain of Revstone and Spara, LLC's non-debtor subsidiaries, and (iii) the Pension Benefit Guaranty Corporation (the "PBGC").

8.    On May 9, 2014, the Court entered that certain *Order Pursuant to 11 U.S.C. §§ 105 & 363 And Approving Settlement Agreement, as Modified, with Pension Benefit Guaranty Corporation* [Docket No. 1494 (Revstone); and Docket No. 485 (TPOP)] (the "PBGC Settlement Order").

9.    On March 23, 2015, the Court entered the *Order Confirming Debtor's Chapter 11 Plan of Liquidation* [Docket No. 831] (the "Confirmation Order").  The Debtor filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 880] with the Court on June 24, 2015.  On June 24, 2015, the Plan (as defined below) went effective.

## **Relief Requested**

10.     The Court has entered fifteen previous orders extending the periods for the Debtor to remove civil actions pursuant to Bankruptcy Rule 9006(b).  Most recently, on July 6, 2020, the Court entered the *Order Approving Motion for Order Further Extending the Period Within Which Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027* [Docket No. 1183] extending the periods to remove civil actions pursuant to Bankruptcy Rule 9006(b) (the "Removal Deadline") through and including December 30, 2020.

11.     By way of this Motion, the Liquidating Debtor requests entry of an order, pursuant to Bankruptcy Rule 9006(b) extending the time by which it may file notices of removal with respect to civil actions pending as of the Petition Date from the current December 30, 2020 deadline through and including, June 30, 2021 (the "Pre-Petition Removal Deadline"). Furthermore, the Debtor requests the entry of an order extending the time by which it may file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) June 30, 2021, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (i.e. the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action south to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

12.     The Liquidating Debtor requests that the Removal Deadline apply to all matters specified in Rule 9027(a)(2)(A), (B), (C) (collectively, the "Actions").  This Motion is without prejudice to the Liquidating Debtor's right to seek further extensions of such removal deadlines.

**<u>Basis for Relief</u>**

13.    Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal

of pending civil actions.  Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a
> civil action by a governmental unit to enforce such governmental
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of
> this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed in the bankruptcy court only within the
> longest of (A) 90 days after the order for relief in the case under
> the Code, (B) 30 days after entry of an order terminating a stay, if
> the claim or cause of action in a civil action has been stayed under
> § 362 of the Code, or (C) 30 days after a trustee qualifies in a
> chapter 11 reorganization case but not later than 180 days after the
> order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14.    Bankruptcy Rule 9006(b) provides that the court may extend unexpired time

periods, such as the Debtor's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion … with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(l).

15.    Prior to and since the *Debtor's Chapter 11 Plan of Liquidation* (the "<u>Plan</u>")

[Docket No. 778] effective date of June 24, 2015, the Liquidating Debtor has focused its efforts

on claims review and reconciliation and ongoing fraudulent transfer litigation.  The extension of time for removing actions sought in this Motion will afford the Liquidating Debtor the opportunity necessary to make fully-informed decisions concerning removal of any Action and will assure that the Liquidating Debtor does not forfeit valuable rights under Section 1452 with respect to any pending or prospective litigation commenced by or against the Liquidating Debtor.  Further, the rights of the Liquidating Debtor's adversaries will not be prejudiced by such an extension because any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

16.    The Liquidating Debtor submits that its request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of its bankruptcy case.  Accordingly, the Liquidating Debtor respectfully submits that the relief sought is in the best interest of the Liquidating Debtor, its estate and creditors.

<u>**Notice**</u>

17.    Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known:  (i) the Office of the United States Trustee; (ii) the twenty (20) largest creditors; and (iii) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Liquidating Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**No Prior Request**</u>

18.    No prior request for the particular relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases; however, as described above, this is the Debtor's fifteenth request to this Court for an extension of Pre-Petition Removal Deadline and the Post-Petition Removal Deadline.

6

WHEREFORE, the Liquidating Debtor respectfully requests that the Court enter the order, substantially in the form attached hereto, (a) extending the period within which the Liquidating Debtor may remove actions initiated prior to the Petition Date through and including June 30, 2021; (b) granting such order without prejudice to the Liquidating Debtor's right to seek further extensions of the deadline; and (c) granting such other relief as the Court deems just and proper.

Dated:  December 30, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        crobinson@pszjlaw.com

Counsel to the Liquidating Debtor