IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TPOP, LLC,[1]<br><br>           Debtor. | Chapter 11<br><br>Case No. 13-11831 (BLS)<br><br>**Related Docket No. 1203** |

**FINAL DECREE CLOSING CHAPTER 11 CASE
AND TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES**

Upon the motion (the "Motion")[2] of the Debtor for entry of a final decree (this "Final Decree"), pursuant to section 350 of Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1: (a) closing the above-captioned chapter 11 case; and (b) terminating certain claims and noticing services provided by Omni Management Group ("Omni"), all as more fully set forth in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of these bankruptcy estates, creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. The above-captioned chapter 11 case of the Debtor is hereby closed.

3. Entry of this Final Decree is without prejudice to (a) the rights of the Debtor or any

---

[1] The Debtor in this chapter 11 case is TPOP, LLC, f/k/a Metavation, LLC, and the last four digits of its federal tax identification numbers are 5884. The location of the Debtor's headquarters is TPOP, LLC f/k/a Metavation, LLC, c/o Huron Consulting Group Inc., P O Box 1720, Birmingham, MI 48012, Attn: John C. DiDonato, Chief Restructuring Officer.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

DOCS_DE:232281.3

party in interest to seek to reopen this chapter 11 case for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtor to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Debtor in this chapter 11 case as contemplated by the Plan and the Confirmation Order.

4. Notwithstanding Section 349 of the Bankruptcy Code, all stipulations, settlements, rulings, orders and judgments ("Case Orders") of this Court made during the course of the Debtor's chapter 11 case shall survive and remain in full force and effect, shall be unaffected by the dismissal of the Debtor's chapter 11 case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. The Debtor shall be dissolved and wound up without any further action required by the Debtor or its members, managers or representatives.  The Plan Administrator, on behalf of the Liquidating Debtor, is authorized, but not directed, to take any action required or advisable under applicable non-bankruptcy law to effectuate the dissolution of the Debtor, including the preparation, execution and/or filing of any required certificate of dissolution, certificate of cancellation, or similar instrument with applicable state governmental authorities.

6. The Liquidating Debtor shall, on or before sixty (60) days after entry of this Final Decree:  (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); (b) serve copies of all post-confirmation reports on the U.S. Trustee; and (c) file a final report and account pursuant to Local Rule 3022-1.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen this chapter 11 case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

7. The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 8 below.  Thereafter, Omni shall have no

further obligations to this Court, the Debtor, or any other party in interest with respect to the Claims and Noticing Services in this chapter 11 case.

8. Pursuant to Local Rule 2002-1(f)(ix), within thirty (30) days of entry of this Final Decree, Omni (or the Liquidating Debtor, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in this case containing all claims.  Omni shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

9. In the event the Unclaimed Property is equal to or exceeds $25,000, the Plan Administrator, on behalf of the Liquidating Debtor, is authorized to distribute the remaining Unclaimed Property to the charity of its choice.

10. Should Omni receive any mail regarding the Debtor after entry of this Final Decree, Omni shall collect and forward such mail no less frequently than monthly to the Debtor.

11. The Liquidating Debtor and its' agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

13. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

**Dated: March 2nd, 2021**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3

DOCS_DE:232281.3